STATE, Respondent, v. SONNENSCHEIN, Appellant.

(156 N. W. 906.)

(File No. 3871. . Opinion filed March 16, 1916.   Rehearing denied May 27, 1916.)

1. **Criminal Law—Preliminary Hearing—Jurisdiction of County Judge—Magistrates—Constitution—Statutes.**

A motion to dismiss an information on the ground that a preliminary hearing was had before a county judge, is not sustainable, under Const., Art. 5, Sec. 21, providing that a county judge shall not have jurisdiction in cases of felony; . such provision relates only to jurisdiction of the court as a trial court; and Laws 1907, Ch. 186, providing that, among other judicial officers, county judges are magistrates, and they, under Code Cr. Proc., Ch. 7, Tit. 4, have power to provide at preliminary hearings; which hearings are not trials.   So held, as to a preliminary hearing of one charged with grand larceny.

2. **Indictment and Information—Motion to Quash—Transcript of Evidence on Preliminary, Necessity of Filing—Statute.**

Where defendant had had a preliminary examination, held, that a motion to quash the information on the ground that at time of filing information and arraignment of defendant no transcript of evidence taken before a committing magistrate was filed in circuit court, is not sustainable, the transcript being on file when motion was presented, though the witness had not signed same; one of the statutory grounds for quashing an information (Code Cr. Proc., Sec. 263) being because defendant has not had a preliminary examination before information filed.

3. **Courts—Jurisdiction—Existence of Court Session—Intermediate Adjournment by Phone Order of Judge—Power of Clerk—Statute, Construction.**

Where a term of court at which defendant was tried had been duly opened, and, after several adjournments, the clerk made the following entry, after stating time and hour: "Court reconvened pursuant to adjournment.   Present:   The officers of the court.   Court adjourned owing to the absence of the judge and upon phone call from Highmore. * * * In recess until Monday, 10 A. M., November 30," held, there was an adjournment by order of court, and not by act of the clerk of

court. Held, further, that Pol. Code, Sec. 952, conferring power upon the clerk, in absence of judge, to keep court open for four days from date set for opening term, has no application where the term had once been properly opened by the judge; and failure of judge to appear on day to which court is adjourned does not cause discontinuance of the term.

4. Criminal Law—Allowance of Time Between Verdict and Sentence —Review—Insufficient Objection, Effect.

A defendant's objection that he was not allowed the statutory period of two days between verdict and passing of sentence will not be considered on appeal, where no sufficient objection was made in trial court.

5. Criminal Law—Continuance—Witness Beyond Jurisdiction—Necessary Diligence.

A motion for continuance, moved for on the ground of absence of a witness alleged to be beyond the jurisdiction of the court and to procure his attendance, was properly denied, where no effort was shown to procure his attendance or deposition; it appearing that defendant had been in a foreign state to see witness, but was unable to locate him, no desire being expressed in the showing for, nor belief that he could obtain, the presence of witness, or his deposition; the right to a continuance to procure such evidence being conditioned upon showing good faith and exercise of due diligence.

6. Criminal Law—Continuance—Foreign Witness Whose Existence is Questioned—Insufficient Showing—Statement of Facts, Distinguished from Conclusions.

Where there was no showing, other than defendant's statement, that a witness alleged to be beyond court's jurisdiction, actually existed, and whose existence was questioned by the state through proofs submitted, and defendant, after showing that he met such witness after obtaining an agreement from him there, alleged as the only excuse for not taking his deposition that he believed he could get witness to attend at the trial, in which he was disappointed, a motion for continuance was properly denied; since it must appear that there were reasonable grounds for believing that such evidence could be procured by the delay, and it must appear by allegations of fact, and not merely by statement of defendant's conclusion, that defendant has been diligent.

7. Criminal Law—Continuance—Witness Beyond State—Insufficient Showing of Diligence—Cumulative Evidence—Court Rule.

Where a witness was beyond the state, and defendant's affidavit for continuance did not show but what he knew she was planning to leave the state, and defendant and his counsel knew, several days before she left the county, when the case would be reached for trial, and it was conceded that this tes-

timony would be cumulative, while it must appear that such evidence is not merely cumulative (Supreme Court Rule 17) held, that a motion for continuance was properly denied.

**8.   Criminal Law—Continuance—Witness Addicted to Drinking Intoxicants—Power and Duty of Court to Guard Witness.**

Where it appeared that a witness who was within the county knew all that an alleged absent witness could testify to, held, that a statement in defendant's affidavit that he did not dare to rely upon such present witness, owing to his habits and the danger of his being intoxicated when called as a witness, is insufficient ground for continuance, since the court could and would have guarded such witness against danger if defendant was unable to do so.

**9.   Criminal Law—Continuance—Judicial Discretion.**

When defendant has made his showing, the granting of motion for continuance rests in sound discretion of trial court, and its ruling will not be reversed except for cogent reasons.

**10.   Criminal Law—Continuance—Change of Counsel, Failure to Explain—Disregard of Change, Except on Showing.**

Where, upon a case being called for trial, defendant renewed a motion for continuance, on ground of a change of counsel and lack of opportunity of new counsel to acquaint themselves with facts and prepare for trial, held, that, in the absence of an explanation of the change of counsel upon the eve of trial, the trial court rightfully disregarded that fact.

**11.   Criminal Law—New Trial—Alibi—Newly Discovered Evidence—"Newly Recalled Evidence," Distinguished—Forgotten Facts.**

A defendant, convicted of grand larceny, moved for a new trial on ground of newly discovered evidence, which motion it was alleged tended to establish an alibi; it appearing that the defendant, prior to the trial, was aware of all that such parties knew, and he claimed he had, for the time being, forgotten about meeting the witnesses at various times and places. Held, he was not entitled to a new trial on that ground, such testimony not being newly discovered evidence, but newly recalled evidence; and trial court could hardly credit defendant's claim that he never recalled these matters until after the trial. Held, further, that forgotten facts do not constitute newly discovered evidence; and the want of recollection of the fact, which by due diligence and attention might have been remembered is not ground for new trial.

Appeal from Circuit Court, Stanley County. Hon. James McNenny, Judge.

The defendant, Herman Sonnenschein, was convicted of grant larceny; and from a judgment of conviction, and from an

order denying a new trial, he appeals.   Judgment and order affirmed.

*Philip & Waggoner,* and *Gaffy & Stephens,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *F. W. Lambert,* State's Attorney, for the state.

(1)   To point one of the opinion, Appellant cited: Const. Art. 5, Sec. 21.

Respondent cited:   Const. Art. 5, Secs. 20, 21; Latimer v. State, 55 Neb. 609, 76 N. W. 207, 70 Amer. St. Rep. 403; Van Buren v. State, (Neb.) 91 N. W. 201; Allor v. Wayne Co., 43 Mich. 76, 4 N. W. 492; In re Election Court, 204 Pa. 92, 53 Atl. 784; Code Crim. Proc. Sec. 90; People v. Crespi, (Cal.) 46 Pac. 863.

(3)   To point three of the opinion, Appellant cited: Code Crim. Proc. Sec. 396; Pol. Code, Sec. 952; Wright v. Wallbaum, 39 Ill., 554; State v. Holmes, 41 Amer. State Rep., 121; In re Milligan, 24 Kans., 214; Hoye v. State, 39 Ga., 718; Dunn v. State, 2 Ark., 229; 35 Amer. Dec., 54; In re Terrell, 52 Kans., 29; 39 Amer. St. Rep., 327; In re McClaskey, (Kans.), 34 Pac., 459; Garza vs. State, 12 Tex. App., 261.

Appellant submitted that: Special or adjourned terms are in all respects considered the same as regular terms, as regards adjournment by Clerk in absence of the Judge; and cited:

Par. 661, Pol. Code; State v. Harkins, 100 Mo. 666, 13 S. W., 830.

Respondent cited: Pol. Code, Sec. 952; Civ. Code, Sec. 2461; State ex rel. Barger v. McBain, 102 Wis., 431, 78 N. W. 602; Schofield v. Cattle Co., 65 Fed. 433; People v. Sullivan, 115 N. Y. 185, 21 N. E. 1039; In re Dossett, (Okla.) 37 Pac. 1072. 11 Cyc. 736.

(4)   To point four of the opinion, Appellant cited: Code Crim. Proc. Sec. 436; Powers v. Commonwealth, 26 Ky. L. R., 1111; 83 S. W. 146.

Respondent cited: State v. Leehman, 2 S. D. 171, 49 N. W. 3; Dalton v. State, 6 Okla. Cr. 368, 118 Pac. 1001.

(5)   To point five of the opinion, Appellant cited: State v. Davies, 33 S. D., 243; State v. Wilcox, 21 S. D., 532; 114 N. W., 687; 9 Cyc, 172.

Respondent cited: 9 Cyc. 166-7; State v. Phillips, 18 S. D. 1, 98 N. W. 171, 5 Ann. Cas. 760; Tate v. State, (Tex.) 146 S. W. 169; White v. State, 9 Tex. App. 41, section 254, Branch's Criminal Law; Harrell v. Durrance, 9 Fla. 490; Hogan v. State, 66 Fla. 268, 63 So. 443. 9 Cyc. 201. 4 Enc. Pl. and Pr. 880; Atkins v. State, (Tex.) 70 S. W. 744.

(6)   To point six of the opinion, Respondent cited: State v. Phillips 18 S. J. 1, 9 Cyc. 193, 194, 197; State v. Pirkey, 22 S. D. 550, 118 N. W. 1042, 18 Ann. Cas. 192. 9 Cyc. 194.

(11)   To point eleven of the opinion, Respondent cited: State v. Gregory, 31 S. D. 431; Kendall v. Limberg, 69 Ill. 355; Nite v. State, (Tex.) 54 S. W. 763; State v. Barnes, 26 S. D. 622, 129 N. W. 116; People v. Williams, 242 Ill. 197, 89 N. E. 1030, 17 Ann. Cas. 313; Gaines v. White, 1 S. D. 434.

WHITING, J.   Defendant was convicted, in the circuit court of Stanley county, of the crime of grand larceny. From the judgment of conviction and an order denying a new trial, this appeal was taken.

[1]   Defendant moved the dismissal of the information filed in the circuit court because the preliminary hearing was held before a county judge. He contends that, under the Constitution of this state (section 21, art. 5), such officer was without authority to conduct such hearing. Such section provides that: "The county court shall not have jurisdiction in cases of felony." The statutes provide (chapter 186, Laws 1907) who are magistrates. Among those named are county judges. These magistrates have power to preside at preliminary hearings. Chapter 7, tit. 4, Code Cr. Proc. This provision of the Constitution relates to the jurisdiction of the court as a trial court, and not to any other powers or duties that may be imposed upon the judge of such court. A preliminary hearing is in no sense a trial. 8 R. C. L. §·67; Latimer v. State, 55 Neb. 609, 76 N. W. 207, 70 Am. St. Rep. 403. Such county judge, when sitting as a magistrate, is not sitting as a county court any more than would a justice of this court, if sitting as a magistrate upon a preliminary hearing, be sitting as the Supreme Court. People v. Crespi, 115 Cal. 50, 46 Pac. 863.

[2]   Defendant moved to quash the information on the ground that at the time such information was filed and defendant

arraigned no transcript of the evidence taken before the magistrate had been filed in the circuit court. Such a transcript was on file when such motion was presented, though the witnesses had not signed same. The motion was denied. One of the statutory grounds for quashing an information (section 263, Code Cr. Proc.) is because the defendant has not had a preliminary examination before the information was filed. Defendant had such an examination. He could not move to quash the information where, in fact, a preliminary hearing had been held. State v. Johnson, 34 S. D. 601, 149 N. W. 730.

[3] Defendant objected to the jurisdiction of the trial court to proceed to the trial of this cause, contending that no term of court was in session. It appears that the term opened in October, and that it had been adjourned from time to time up to and until November 25th. Upon that date the following entry was made by the clerk:

"3 p. m. Wednesday, November 25th, 1914. Court reconvened pursuant to adjournment. Present: The officers of the court. Court adjourned owing to the absence of the judge and upon phone call from Highmore. Court in recess until Monday 10 a. m., November 30th, 1914. Andy C. Ricketts, Clerk of Court."

Defendant contends that this was not an adjournment by the order of the court, and that the only power of the clerk is to be found in section 952, Pol. Code. This section confers powers upon the clerk, in the absence of the judge, to keep court open for four days from date set for opening a term. It has no application where the term, as in this case, had once been properly opened by the judge of the court. In such case the failure of the judge to appear on the day to which the court is adjourned does not cause a discontinuance of the term. 11 Cyc. 736. A full discussion of this question will be found in the following cases, all of which support the above: People v. Sullivan, 115 N. Y. 185, 21 N. E. 1039; In re Dossett, 2 Okl. 369, 37 Pac. 1072; Schofield v. Cattle Co. (C. C.) 65 Fed. 433; Railway Co. v. Hand, 7 Kan. 380.

[4]. Defendant complains in that he was not allowed the statutory period of two days between verdict and passing sen-

tence.   No sufficient objection was interposed in the trial court, and the matter is not properly before us.

[5-9]   Defendant moved for a continuance until the next regular term, that he might have time to prepare for trial, and especially that he might procure the attendance of four certain witnesses alleged to be beyond the jurisdiction of the trial court. Numerous affidavits were filed in support of and in resistance to such motion.   It would serve no useful purpose to set forth all the facts sworn to therein, and we note only those we consider most material.   We are satisfied that, if defendant had used as much diligence during the two months elapsing after his arrest and before his trial in attempting to prepare for the trial of this cause as he used in striving to delay such trial, he would probably have been as fully prepared with his defense herein when it was called for trial as he could or would have been if it had not been called for trial until the time to which he sought the continuance.

The motion for continuance was to have been heard on December 4th, but was not owing to defendant's failure to be present.   He had been advised but three days prior thereto that a judge would probably be present to hear such motion on or about that date.   On December 4th, through his counsel, he was advised of the time when this cause would be reached for trial, and received personal notice thereof from his counsel on or about December 7th.   There was sufficient from which the trial court could have found that on December 7th defendant had concluded to withdraw his motion for continuance, and so advised the attorneys for the state.   On December 21st a large number of jurors were, with the knowledge of defendant's counsel, ordered to report on December 28th for the trial of this cause.   Without any previous intimation of change in intent, the defendant presented his motion for continuance on December 24th.

At all times after the preliminary hearing defendant was fully advised as to the importance of the testimony of these four witnesses to procure whose presence or depositions such continuance was in part sought.   One of such parties was a fugitive from justice.   Another, one Lake, was alleged to be a resident

10—Vol. 37, S. D.

of St. Paul and employed by a commission firm. No effort was shown to procure his attendance or deposition. In an affidavit dated December 24th, defendant said he could procure Lake's address and arrange to converse with him through a friend employed by the said company that employed Lake; that he had had no opportunity to converse with him by reason of the necessity of his remaining in attendance upon the court; that, if allowed time to do so, he would go to St. Paul and find Lake; that ordinary precaution in the preparation of this case necessitated conversing with Lake for the purpose of ascertaining the importance of his testimony; and that he believed he could arrange for the attendance of Lake at the next term, or, if not, could procure his deposition. On December 28th, immediately before this cause was called for trial, defendant filed another affidavit setting forth the fact that he was in St. Paul on December 18th on purpose to see Lake, but was unable to locate him. In this last affidavit defendant neither expresses any desire. for, nor belief that he can obtain, the presence or deposition of Lake. Another of these parties was one Frazier, whose home was alleged to be at Claimore, Okl. Defendant on December 24th swore that he had not been able to communicate with and locate this party "within sufficient time to arrange for his depositions"; yet in his affidavit of December 28th defendant admits that he had acquired information of the whereabouts of Frazier "some time after the 7th day of December," and had obtained from him an agreement to meet him at Sioux City on December 19th. The affidavit shows that this agreement must have been reached prior to December 16th. Defendant swears that he met Frazier at Sioux City on December 21st. His only excuse for not arranging for. the taking of Frazier's deposition at Sioux City was his belief that he could get him to attend as a witness at the trial, in which he was disappointed. While he swore that Frazier promised to attend at the next term of such court, he brought no written statement from Frazier to that effect; neither did he produce any written statement or affidavit from Frazier stating what he would swear to if a witness in such case. There was no showing, other than defendant's statement, that such a person as Frazier existed. The state questioned his existence and submitted some proof that might have created in the mind of the

trial court a doubt as to whether such a person as Frazier existed. As to the fourth party, a Miss Philip, defendant failed to show such diligence in attempting to secure her attendance at the trial as the circumstances demanded of him. He also failed to show proper diligence, after the time when he claimed she had left the state, in his attempts to locate her and to procure her return to the state or her deposition. Defendant's affidavits do not show but what he knew that she was planning on leaving the state; and it clearly appears that several days before she left Stanley county both defendant and his counsel knew when this case would be reached for trial. It was conceded that the testimony of this party would be merely cumulative. There were three persons, defendant and two others, all within Stanley county, who knew all that this absent witness was alleged to know about this cause. The relationship of one of these parties to the state's main witness would excuse defendant from calling such party as a witness. Defendant stated that he dare not rely upon the other party alone, owing to his habits—the danger that he would be intoxicated when called to the witness stand. The court could and certainly would have guarded this witness against temptation, if defendant was unable to do so.

While one charged with a crime is entitled to a fair and impartial trial, which includes an opportunity to procure such evidence as it is within his power to obtain, before being entitled to a continuance to procure such evidence he must show that he has acted with all due diligence and in perfect good faith toward the state to whose laws he is responsible and under whose laws he seeks protection; "mere procrastination—delay for delay's sake —should not be tolerated." Hubbard v. State, 65 Neb. 805, 91 N. W. 869. It must appear that there are reasonable grounds for believing that such evidence can be procured by the delay. It must appear by allegations of fact, and not by a mere statement of defendant's conclusion, that he has been diligent in his efforts. It must appear that such evidence is not merely cumulative. Rule 17, Circuit Court Rules of Practice. When defendant has made his showing, the granting of the motion rests in the sound discretion of the trial court, and its ruling thereon will not be reversed, except for cogent reasons. State v. Phillips, 18 S. D. 1, 98 N. W. 171, 5 Am. Cas. 760; 9 Cyc. 168. The

opinion in the Phillips Case covers many questions presented by the record herein, as also does the opinion in State v. Davies, 33 S. D. 243, 145 N. W. 719.

[10] The motion for continuance was first presented upon December 24th. In opposition to the affidavits presented by defendant the state's attorney made an oral statement of alleged facts under an agreement that the same should thereafter be reduced to writing in form of affidavit and filed. The court overruled the motion on the 25th. The states attorney filed his affidavit on the 26th. Meanwhile counsel for defendant had withdrawn from the case. Other counsel appeared, and on the 28th renewed the motion for continuance, and, claiming that the states attorney's affidavit covered matters not in his oral statement, filed further affidavits, including that of defendant dated December 28th and above referred to. The motion was again denied. When the cause was called for trial, the motion was renewed, and defendant urged, as further ground for continuance, the fact of change of counsel and the lack of opportunity for new counsel to acquaint themselves with the facts of the case and prepare for trial. No explanation of this change of counsel upon the eve of trial was offered. It was certainly due the court that one be made. For all that the court knew, the prior counsel may have been wilfully discharged by defendant for the very purpose of playing such change of counsel as his trump card in what apparently appeared to the court as a game of chance. Without some showing explaining such change, the court rightfully disregarded it in ruling upon such motion.

[11] Defendant sought a new trial on the ground of newly discovered evidence. Defendant was a ranchman living in Stanley county. The alleged newly discovered evidence consisted in part of what certain parties would swear to in relation to seeing defendant at or near his home at divers times during the days when, as defendant claims, the state's witnesses testified that he was away from home engaged in the felonious enterprise of which he stood charged. Defendant was prior to the trial of this action aware of all these several parties knew, but he claims that he had, for the time being, forgotten about meeting these parties at the various times and places. There is thus presented a case, not of newly discovered evidence, but, at

best, of newly recalled evidence.  Defendant was arrested within two weeks of the time when it was claimed he committed this felony.  Within another week he had been advised of the facts claimed by the state, and had heard the testimony introduced by the state at the preliminary hearing.  That he would have so soon forgotten meeting these parties at the times and places now claimed is highly improbable.  The desired testimony would tend to prove an alibi.  Surely defendant's mind would naturally be immediately awakened to the importance of establishing such alibi. If the testimony of these witnesses was of vital importance owing to its materiality on the question of alibi—a question we cannot fairly determine, owing to defendant's failure to return to us a record of the state's evidence—yet the trial court could hardly credit defendant's claim that he never recalled these matters until after the trial.  There were three parties living with him during the time in question.  It does not appear that prior to the trial he ever sought the aid of any one of them in an effort to ascertain who, if any one, could assist in establishing an alibi.  Several of these parties who stood ready to testify that they were at defendant's home and saw him there during the time in dispute testified that, when at defendant's ranch, they saw these three parties above referred to.  This case, or this feature of it, is upon all fours with that of People v. Williams, 242 Ill. 197, 89 N. E. 1030, 17 Ann. Cas. 313, wherein it was said:

"The most reasonable and natural thing for him to do would be to inquire among persons who he knew were at his house at that time, to find out what they would be able to testify to, with reference to his presence at home on the morning of January 25th. * * *

"It would be a dangerous rule to grant a new trial upon an ex parte statement that certain material facts which had previously been known had been forgotten.  It may be that in a sense a forgotten fact is practically the same as if it had never been known, but the liability to fraud and the temptation to perjury in such cases forbid that a new trial should be granted because the party against whom a verdict has gone makes oath that he has forgotten material parts of his evidence.  In order to prevent, so far as possible, fraud and imposition which defeated parties may be tempted to practice as a last resort to escape the

consequence of an adverse verdict, applications for new trial on account of newly discovered evidence should always be subjected to the closest scrutiny by the court. The rules of law which govern in such cases, if carefully observed, will generally accomplish justice."

As stated in a note at page 317 of 17 Ann. Cas., supra:

"It is a well-settled rule that forgotten facts do not constitute newly discovered evidence, and that the want of recollection of a fact, which by due diligence and attention might have been remembered, is not ground for a new trial."

See numerous cases cited in such note.

As to the testimony which it is alleged would be given by one Baird: We have no way of determining the materiality of the fact · which defendant claims such evidence would tend to prove; furthermore, the evidence of Baird without that of Elliott would be of no value, and no affidavit from Elliott was presented. We are unable to see wherein the testimony of the witness Lord could possibly affect the verdict.

The judgment and order appealed from are affirmed.