STATE, ex rel. BEDNARIK, Petitioner, v. ALVIS, Warden, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 4611.   Decided June 10, 1952.

Joseph Bednarik, Columbus, in his own behalf.

Hon. C. William O'Neill, Atty. Genl., L. H. Snyder, Asst. Atty Genl., Columbus, for respondent.

## OPINION

By THE COURT.

This is an original action in Habeas Corpus wherein the petitioner is seeking his release from the Ohio Penitentiary upon the following grounds:

1. Petitioner contends that the court committed prejudicial error in admitting an illegally obtained confession as evidence.

2. Petitioner contends that a prompt hearing at the time of his arrest was denied him; that an apportunity to obtain legal counsel was also denied him by the Campbell, Ohio, police officers at the time of arrest.

3. Petitioner contends that the verdict was manifestly against the weight of the evidence and contrary to law.

4. Petitioner contends that the court committed prejudicial error in ordering a joint trial of defendants.

The first, third and fourth specifications relate to errors committed by the trial court and which may not be reached in a habeas corpus proceeding. In re Stewart, 156 Oh St 521; In re Burson, 152 Oh St 375; In re Pullins, 155 Oh St 171; In re Ames, 155 Oh St 184.

As to the second ground, the record reveals that the petitioner was indicted on January 28, 1947, and that on February 4, 1947, counsel was appointed and did represent him. It appears that the petitioner is urging that his constitutional rights were violated because counsel was not appointed for the preliminary hearing before the Mayor of the City of Campbell. Sec. 13439-2 GC makes no provisions for the appointment of counsel at this stage of the proceeding, but provides only for the appointment after the serving of the indictment or opportunity has been had for receiving it. Under this section the appointment was seasonably made and the petitioner was not denied any of his constitutional rights. The petitioner in his brief says that he was denied counsel and a prompt hearing before the Mayor. The record does not support such a charge, but even if true, it would only be an irregularity in the preliminary proceeding, before indictment, and which could not be reached in a habeas corpus proceeding.

The application will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.