STATE ex rel. STEVENSON, Appellant v. JAMESON, Respondent

(104 N.W.2d 45)

(File No. 9823. Opinion filed June 14, 1960)

**Woods, Fuller, Shultz & Smith** and **Travis H. Lewin,** Sioux Falls, for Plaintiff and Appellant.

**Parnell Donohue,** Atty. Gen., **Charles Poches, Jr., Walter Weygint,** Asst. Attys. Gen., for Defendant and Respondent.

BIEGELMEIER, J. On July 28, 1958, Thomas Stevenson, who will be referred to as defendant, and a friend stopped at Lemmon, South Dakota, in an effort to obtain employment at a carnival appearing there. Defendant, a 49-year-old mechanic by trade, had worked for General Motors for eleven years and for two railroads; he last worked in Ohio. Shortly after their arrival, it is claimed that defendant committed acts amounting to indecent molestation of children under the age of fifteen, which SDC Supp. 13.1727, as amended by Ch. 27, Session Laws of 1955, defines as a felony. Defendant was arrested and brought before a justice of the peace on that day on a complaint in two counts charging these acts were committed on two girls eight and nine

years of age. Defendant's rights were fully explained to him and he stated he understood them and asked for a preliminary hearing. SDC 34.14. This was held on August 1, 1958, at which time a further complaint was filed alleging the same offense as to another nine-year-old girl. After the hearing before a justice of the peace, sitting as a committing magistrate (SDC 34.1302) defendant was held to answer the offenses charged in the Circuit Court of Perkins County. Having indicated a desire to enter his plea of guilty thereto, SDC 34.2301, an information was filed in the circuit court charging the defendant with these crimes in three counts and on August 4 he entered pleas of guilty to each count. Sentence was deferred until August 6 when a presentencing investigation or hearing was held by the circuit judge after which sentence was again deferred to August 14 when defendant was sentenced to the state penitentiary for ten years on each count, the sentences to run concurrently. Defendant made application for a writ of habeas corpus in the Circiut Court of Minnehaha County; at that hearing the circuit court entered findings of fact, conclusions of law and a judgment quashing the writ and remanding the defendant to the custody of the warden of the penitentiary from which judgment defendant appeals.

As provided by law, counsel was appointed to appear for him in the Minnehaha County Circuit Court and this court and their fees, together with the expenses of the various transcripts and other costs, have been or are to be paid out of public funds. Other facts and the record will be referred to as they apply to the assignments of error and questions raised on this appeal.

Point I. Did the Minnehaha County Circuit Court err in finding that the justice of the peace and Perkins County Circuit Court informed defendant of the nature of the charges against him? We first examine the justice of the peace proceeding.

■ SDC 34.1401 provides in part:

"When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings and also of his right to waive an examination before any further proceedings are had."

Appellant's brief claims that the justice of the peace did not specifically inform defendant that he was facing charges of indecent molestation. The transcript made by the reporter at the preliminary hearing showed that defendant received a copy of the complaint charging the two offenses on the day he was arrested and brought before the justice; that four days later at the commencement of the preliminary hearing the state's attorney gave defendant another copy of that complaint and also a copy of the further complaint alleging the third offense. These complaints were each titled "Complaint for Indecent Molestation" and each of the counts set out nearly word for word the offense in the words of Ch. 27, Laws of 1955, including in each count the name and age of the child involved. The transcript of that hearing consists of 68 typed pages; the three children alleged to have been so molested by defendant testified and defendant cross-examined one of them as to what occurred during which he stated to her that it could have been "the other fellow * * * on those carnival grounds". At the time defendant entered his pleas of guilty in circuit court three days later he was given a copy of the state's attorney's information repeating the counts and, after a colloquy between defendant and the circuit judge, he was asked if he understood what he was charged with and he answered "Yes, sir." Defendant's reply brief states he "does not contend that he did not receive a copy of the Complaint; that the offense was not sufficiently set forth in the Complaint; or that he was not faced by State witnesses. What appellant does contend is that there **was** a 'failure to observe that fundamental fairness essential to the very

concept of justice.'" Limiting our discussion thus far to the governing statute, we conclude that defendant was informed of the charge against him by the committing magistrate as required by SDC 33.1401 and the trial judge properly refused the proposed finding of fact that he was not so informed.

Defendant's claim that he was not informed of the nature of the charges when he appeared before the Circuit Judge of Perkins County is to be measured by another yardstick, that of Art. VI, § 7 of our Constitution. This section provides:

"In all criminal prosecutions the accused shall have the right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face; to have compulsory process served for obtaining witnesses in his behalf, * * *."

■ The 14-page transcript of the proceedings in circuit court when defendant entered his guilty pleas shows the judge explained the offense he was charged with, that defendant was given a copy of the state's attorney's information, that it was read aloud to him, and he was instructed to follow along his copy when it was read to him, that he said he understood what he was charged with and he entered three separate pleas of guilty to the offenses charged. While defendant testified at the habeas corpus hearing that he did not understand the nature of the crimes he was charged with and did not know what indecent molestation meant, a reading of the several transcripts herein referred to, the testimony at the preliminary examination and his cross-examination of one of the girls, indicates that he had such knowledge and understanding throughout these proceedings.

■ Point II. Defendant urges that (a) failure to inform defendant that the state would provide counsel for him at public expense and (b) failure of the justice to ap-

point such counsel at the preliminary hearing was a denial of due process and his rights under Art. VI, § 7, S. Dak. Const. No authorities are cited for these contentions. His argument is based on the statement of this court in State ex rel. Warner v. Jameson, 77 S.D. 340, 91 N.W.2d 743, 745, where quoting from the Oklahoma Criminal Court of Appeals [In re Stevens, 81 Okl.Cr. 65, 160 P.2d 415] we said:

> "The court should not only advise one accused of crime that he is entitled to counsel to represent him, but he should further advise the accused that, in case of his inability to employ counsel, the court will appoint counsel to represent him without expense to the accused."

What this court there referred to, as counsel admits, were a defendant's rights under this section as implemented by SDC 34.3506; these with SDC 34.1901, as amended by Ch. 182, Laws of 1957, provide the procedure to be followed when a defendant appears for arraignment in the trial courts and do not apply to preliminary examinations. These sections limit the authority of appointing attorneys for indigent defendants to criminal actions in circuit, municipal and county courts. Committing magistrates do not have the authority to do this under such statutes nor do they have inherent power to do so, at public expense. Harris v. Rolette County, 16 N.D. 204, 112 N.W. 971; Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475.

 Defendant argues that in the preliminary examination before a justice of the peace on a felony charge, the justice is acting as a procedural arm of the circuit court at least to bring into effect the provisions of SDC 34.1901, supra, and therefore the justice is authorized to appoint an attorney for an indigent defendant at public expense. The justice of the peace sitting as a committing magistrate is not a part of any court referred to in those sections. Indeed, this court said in State v. Sonnenschein, 37 S.D. 139, 156 N.W. 906, 907, that a "county judge, when sitting as a magistrate, is not sitting as a county court any more than

would a justice of this court, if sitting as a magistrate upon a preliminary hearing, be sitting as the Supreme Court." See State v. Ferguson, 48 S.D. 346, 204 N.W. 652. A preliminary examination before a magistrate is not a criminal prosecution within the meaning of Art. VI, § 7 of our Constitution. Its purpose is to ascertain whether or or not a crime has been committed and whether there is just cause to believe the accused committed it. SDC 34.1407. Roberts v. State, 145 Neb. 658, 17 N.W.2d 666; Lingo v. Hann, 161 Neb. 67, 71 N.W.2d 716. It is in no sense a trial. State v. Sonnenschein, supra; People v. Podolski, 332 Mich. 508, 52 N.W.2d 201. It did not exist at common law, State v. Badders, 141 Kan. 683, 42 P.2d 943; 14 Am.Jur., Criminal Law, § 240; 22 C.J.S. Criminal Law § 332 a; the right exists only by virtue of statute, a privilege that may be waived, State v. Mee, 67 S.D. 335, 292 N.W. 875; 67 S.D. 589, 297 N.W. 40. There is no constitutional provision for it in this state, State v. Ferguson, 48 S.D. at page 356, 204 N.W. at page 655; and no constitutional right to such a hearing, Green v. Whipple, N.D., 89 N.W.2d 881. Its history appears in Commonwealth v. O'Brien, 181 Pa. Super. 382, 124 A.2d 666. This constitutional section (Art. VI, § 7) merely means the accused may have the assistance of counsel in conducting his defense, not that the court shall provide such counsel at public expense, State v. Sweeney, 48 S.D. 248, 203 N.W. 460; for these reasons, it does not require the magistrate to appoint an attorney at public expense at the preliminary examination or fail to advise him of a claimed right which did not exist.

As to due process, Art. VI, § 2 of our Constitution provides "No person shall be deprived of life, liberty or property without due process of law." A similar limit of the powers of the Congress appears in the 5th Amendment and as to the states in the 14th Amendment to the United States Constitution.

▮ Utah has constitutional and statutory provisions similar to ours. In State v. Braasch, 119 Utah 450, 229 P.2d 289, youthful indigent defendants were convicted of murder

and sentenced to death; they claimed they were deprived of the aid of counsel which they requested at the preliminary hearing. They were advised that the justice of peace had no authority to appoint counsel for them but they had the right to employ their own. There, as here, only the state's witnesses testified at the hearing; there, as here, it was explained that it was a preliminary hearing, not a trial; there, as here, defendants did not make any admissions, plead guilty or in any way prejudice their rights. The court held defendants had shown no prejudice resulted to them by the failure to appoint an attorney. In State of Utah v. Sullivan, 10 Cir., 1956, 227 F.2d 511, 513, these defendants raised the same question in a habeas corpus proceeding; the court referring to the due process clause of the 14th Amendment said:

> "The constitutional provision contains no express or implied command that an accused shall be furnished counsel at the preliminary hearing. Moreover, petitioners did not enter pleas of guilty at the preliminary hearing, did not make confessions, did not testify, and did not say anything of an incriminating nature. And in such circumstances, the failure to furnish them counsel at such hearing did not abridge their fundamental rights which rendered fatally infirm their conviction and sentence."

Here the preliminary examination was not waived; defendant asked for it; witnesses for the state testified extensively and defendant by cross-examining the first witness understood and used that right; he learned the case and evidence against him in detail; all of this was taken by a reporter and then transcribed without any demand made by him, SDC 34.1404; defendant did not enter any plea or admission of guilt. No right of defendant under Art. VI, § 2, of the South Dakota Constitution was violated by failure to appoint an attorney at that hearing. State v. Crank, 105 Utah 332, 142 P.2d 178, 170 A.L.R. 542; State ex rel. Bednarik v. Alvis, Ohio App., 140 N.E.2d 59;

State v. Grillo, 11 N.J. 173, 93 A.2d 328; Martin v. Edmondson, 176 Kan. 374, 270 P.2d 791; Bryant v. United States, D.C., 173 F.Supp. 574, 1959; Council v. Clemmer, 85 U.S.App.D.C. 74, 177 F.2d 22; People v. Podolski, supra; State v. Taborsky, Conn., 158 A.2d 239, 1960; State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441 and see Notes 97 U.Pa.L.Rev. 855; 31 Neb.L.Rev. 15; 3 A.L.R.2d 1003. See People v. Williams, 124 Cal.App.2d 32, 268 P.2d 156, rule changed by statute.

Were defendant's rights under the 14th Amendment violated? While the first ten amendments to the U.S. Constitution were directed to the federal government, some of them have been brought within the ambit of the 14th Amendment by absorption. Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. No case requiring such appointment has been called to our attention; State v. Sullivan, supra, is authority that this amendment does not require it under the circumstances here present. See also Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Schaefer, Federalism and State Criminal Procedure, 70 Harvard L. Rev. 1. Our own search discloses the case of Wyatt v. Wolf, 324 P.2d 548, where the Oklahoma Criminal Court of Appeals in a mandamus proceeding directed the appointment of an attorney for an indigent defendant but refused to order payment for his services at a preliminary hearing; it is not controlling here.

 Point IV. Was it error for the trial judge in sentencing defendant to first ask if he desired to be represented by an attorney before he advised him of his right to court-appointed counsel at public expense? Lack of a fair trial as the due process provisions require may arise from the lack of counsel, State v. Haas, 69 S.D. 204, 8 N.W.2d 569, which in turn undermines the court's jurisdiction, and permits the examination of such claims by habeas corpus, State ex rel. Baker v. Jameson, supra. The record of the proceedings of the arraignment and entry of plea of guilty cover over 13 typewritten pages. They do show that the sentencing judge first advised defendant of his right to be

represented by an attorney if he so desired; in the colloquy the defendant stated he did not believe it would do him any good to have an attorney; the judge explained that was not the basis upon which counsel was authorized in criminal cases that "The right to be represented by counsel is a right which every defendant has at all stages of the proceedings and it is based solely upon whether or not you want one. * * * It is a right which you have and you must fully understand that you have that right in Court. * * * The basis is whether or not you want one. Do you understand that? A. Yes, sir, I understand that.

"Q. Well, I will now ask you: do you want one? A. No, sir.

"Q. Very well and you understand though that you are entitled to one if you so desire? A. Yes, sir.

"Q. And you understand that, if you are unable to pay counsel, the state must—or the county must provide you with counsel. Do you understand that? A. Yes."

Defendant's answers are to be considered with his prior knowledge for at the preliminary hearing where he was advised "Now do you understand that when—not when but if you are brought before the Circuit Judge of this County—at that time, if you wish and if you can show that you don't have money yourself, he will appoint an attorney for you?" Defendant: "Why go to all that trouble?" He admitted he had served 8 months over thirty years ago for a felony of "taking some girl" he later married over the state line so he was no stranger to courts. It is our conclusion that defendant understood that if he desired and was unable to pay for counsel, the court would appoint one to represent him at public expense; that he had a right to such counsel at the time he was arraigned and intelligently waived such right. State v. Haas, 69 S.D. 204, 8 N.W.2d 569. The transcript shows that the judge referred to these rights at least eight times before defendant entered his guilty plea; it also shows that he was advised of his other rights, that the offenses were explained, that they were serious and that the

442

penalty was punishment by imprisonment for not more than twenty years. Defendant then pled guilty to the three separate offenses. The court deferred sentence for two days and conducted a presentence investigation which covers 17 pages; a minister of a church to which defendant belonged and who had visited him a couple of times was present; he stated he didn't know anything about the matter; it is mentioned because defendant was a stranger in that community. Sentence was again deferred for a week for a lie detector test. Defendant was then sentenced to ten years for each offense, the sentences to run concurrently.

Defendant's claim (Point III) that the Minnehaha County Circuit Court was in error in concluding that there was nothing in the record to disclose any doubt as to the guilt of the defendant, if erroneous, was not in issue, does not raise a constitutional question and cannot be considered in a habeas corpus proceeding. State ex rel. Henning v. Jameson, 71 S.D. 144, 22 N.W.2d 731:

The judgment appealed from is affirmed.

All the Judges concur.