JANKLOW, Petitioner v. TALBOTT, Circuit Judge, Respondent

(231 N.W.2d 837)

(File No. 11679. Opinion filed July 11, 1975)

William J. Janklow, Atty. Gen., Pierre, for petitioner.

No appearance for respondent.

J. W. Grieves, Winner, for intervenor.

WOLLMAN, Justice.

Upon application by the Attorney General, we issued an alternative writ of prohibition commanding respondent, Honorable Marvin S. Talbott, one of the circuit judges of the Sixth Judicial Circuit, sitting as committing magistrate in the case of State of South Dakota v. Longwell, to desist and refrain from taking any further action to enforce an order that he had entered which required the state to furnish to defendant Longwell the names and addresses of all witnesses known to the state in that particular proceeding. Respondent filed a written response, but did not appear at the hearing on the order to show cause why a permanent writ should not be entered. The Attorney General appeared for the state and filed a brief. Pursuant to permission to intervene granted by this court, defendant's counsel appeared at the hearing and also filed a brief in behalf of respondent's position.

At the close of the state's case in the preliminary hearing in the above described case, the respondent, upon the motion of the defendant, ordered the state to turn over to defendant's attorney the names and addresses of its witnesses so that defendant could subpoena the witnesses at the preliminary hearing, which was to be continued until a later date.

Preliminary hearings in this state are governed by the provisions of SDCL 23-27. A preliminary hearing is not a criminal prosecution within the meaning of South Dakota

Constitution, Article VI, § 7, and is in no sense a trial. State v. Jameson, 78 S.D. 431, 104 N.W.2d 45. It is a statutory, not a constitutional right. State v. Reggio, 84 S.D. 687, 176 N.W.2d 62; State v. Jameson, supra. The purpose of a preliminary hearing is to enable a magistrate to determine whether a public offense has been committed and whether there is sufficient cause to believe the defendant guilty thereof, SDCL 23-27-16, and thus it provides an opportunity to screen out false and groundless accusations. State v. Brown, 84 S.D. 201, 169 N.W.2d 239. An indigent defendant is entitled to court-appointed counsel at this stage of the criminal process. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. In the case of Farnham v. Colman, 19 S.D. 342, 103 N.W. 161, this court indicated that the state was not required to produce evidence in its possession for the benefit of the defendant at a preliminary hearing.

Respondent and intervenor contend that because SDCL 23-27-9 provides in part that, "[w]hen the examination of the witnesses on the part of the state is closed, any witnesses the defendant may produce must be sworn and examined," and because a defendant is entitled to compulsory process, see SDCL 23-2-10 and 23-27-8, the state should be required to divulge the names of all of its witnesses prior to the completion of the preliminary hearing in order that the defendant may fully exercise the right granted by SDCL 23-27-9.

Although the Court stated in Coleman v. Alabama, supra, that one of the advantages of a lawyer's assistance at a preliminary hearing is the more effective discovery of the state's case and the concomitant advantage of the preparation of a proper trial defense, the Court did not hold that discovery is an independent right that can be asserted apart from the exercise of the right to cross-examine the state's witnesses.

We believe that the correct approach to the discovery and impeachment aspects of the preliminary hearing was stated by the Supreme Judicial Court of Massachusetts in Lataille v. District Court, Mass., 320 N.E.2d 877:

"Thus, the discovery and impeachment functions of the preliminary hearing preserved in the *Myers* [v. Com-

monwealth, Mass., 298 N.E.2d 819] and *Corey* [v. Commonwealth, Mass., 301 N.E.2d 450] cases are not independent rights to be asserted apart from their function of ensuring that the accused is held only when a crime has been committed and there is probable cause to believe the accused to be guilty. Our decisions in those two cases were directed toward establishing a probable cause standard that effectively distinguished between groundless or unsupported charges and meritorious prosecutions. Myers v. Commonwealth, Mass., 298 N.E.2d 819 (1973). We held that complete cross-examination and the opportunity to present affirmative defenses were crucial and necessary to effectuate a true probable cause standard. We did not hold then, nor do we hold now, that the discovery and impeachment functions are ends in themselves to be asserted apart from their evidentiary role in ascertaining probable cause where a preliminary hearing is held." 320 N.E.2d at 880.

The majority rule in the federal courts is to the same effect. 18 U.S.C.A. § 3060 and Rules 5 and 5.1 of the Federal Rules of Criminal Procedure govern preliminary hearings in federal prosecutions. Rule 5.1(a) provides in part that, "* * * [t]he defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. * * *"

The prevailing view of the right to discovery in a preliminary hearing before a federal magistrate was expressed in Coleman v. Burnett, D.C. Cir., 477 F.2d 1187, where the court set forth that portion of the legislative history of the Federal Magistrates Act, 18 U.S.C.A. § 3060, that indicates that discovery should remain separate and distinct from the preliminary hearing. The court stated that:

"One view has been that the sole objective of a preliminary hearing is to determine whether there is probable cause to believe that the accused has committed an offense, and that the accused may lay claim to the benefit of only so much discovery as may become incidental to a properly conducted inquiry into probable cause. That view has now been incorporated into federal jurispru-

dence by the Federal Magistrates Act." 477 F.2d at 1198-1199 (footnotes omitted).

A similar view was expressed by the Court of Appeals for the Fourth Circuit in United States v. Anderson, 481 F.2d 685, affirmed on other grounds, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20:

"* * * The purpose of a preliminary hearing is not to provide a discovery mechanism for the defendant, though this may be a collateral or incidental benefit from the hearing, but merely to determine 'whether probable cause exists to bind an accused for action by a grand jury.' " 481 F.2d at 691 (citations omitted).

Likewise, it has been held that discovery "* * * is merely an incidental benefit—which varies widely from case to case, depending on how much evidence the government produces at this early state—and not the statutory purpose. * * *" United States v. Milano, 10 Cir., 443 F.2d 1022, 1025. See also United States v. Foster, 7 Cir., 440 F.2d 390; United States v. Conway, 3 Cir., 415 F.2d 158; Sciortino v. Zampano, 2 Cir., 385 F.2d 132.

We agree with the federal rule that discovery procedures should remain separate and distinct from the preliminary hearing and should be exercised after a defendant has been bound over for trial. Cf. Standards 2.1 and 2.2, American Bar Association Standards Relating To Discovery And Procedure Before Trial, approved draft 1970. We therefore hold that the state is under no obligation to furnish the names and addresses of all of its witnesses prior to the time the defendant has been bound over for trial. Accordingly, the respondent erred in entering the order in question and a writ of prohibition will be entered restraining respondent from taking any action to enforce the order.

All the Justices concur.