STATE, Respondent v. RUNGE, Appellant

(233 N.W.2d 321)

(File No. 11488. Opinion filed September 19, 1975)

Earl Mettler, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Kermit A. Sande, Atty. Gen., Pierre, on the brief.

**David V. Vrooman, Dennis C. McFarland,** Sioux Falls, for defendant and appellant.

DOYLE, Justice.

The defendant was tried before a Yankton County jury and found guilty of possession and distribution of a controlled substance.

On March 14, 1973, defendant was arrested selling substances purported to be opium and speed to two undercover agents working with the South Dakota Department of Criminal Investigation (DCI) and the Bon Homme County Sheriff. A preliminary examination was held on March 29, 1973, where the record shows defense counsel requested a continuance in order to present a defense witness. The examination transcript closes with the granting of a continuance until April 3, 1973. An affidavit by the state's attorney reveals that at the close of this examination defense counsel told the judge that there would be no defense witnesses and that the judge should decide whether to bind defendant over to circuit court on the basis of the state's presentation. This statement by defendant's lawyer does not appear anywhere on the record. In fact, the next thing in the record after the continuance of the preliminary examination is an order of the same date binding defendant over to circuit court.

An information charging defendant with possession and distribution of a controlled substance was filed in Bon Homme County on April 3, 1973. Defendant was arraigned on June 25, 1973, and the case was set for trial on August 21, 1973, in Bon Homme County. On August 14, 1973, defendant moved for a change of venue, claiming an inability to get a fair trial in Bon Homme County. This motion was denied on August 16th but was renewed before a different judge of the same circuit on August 23, 1973. On August 24, 1973, an order was entered changing venue to Yankton County, pending a further order setting a date for trial.

On March 14, 1974, new defense counsel presented the court with a motion for dismissal. The motion was based on a denial of a preliminary hearing as provided by law, a denial of the

constitutional right to a speedy trial, and a failure to bring the case on for trial within the second term of court after the term at which the information was filed. SDCL 23-34-2. It appears from the record that both defendant's counsel at the preliminary examination and the examining magistrate had died in the interim between the examination and this motion. The motion was denied on April 17, 1974, and the case went to trial on April 29, 1974.

Defendant's first claimed error is a denial of his constitutional right to a speedy trial. In *State v. Starnes*, 1972, 86 S.D. 636, 200 N.W.2d 244, this court applied the four-factor balancing test of *Barker v. Wingo*, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. These four factors are: "length of delay, the reason for the delay, the defendant's assertion of this right, and prejudice to the defendant."

The four factors identified by the United States Supreme Court belie defendant's claimed error here. Defendant was tried within one year and two months from the date of his arrest. In absolute terms, this can hardly be considered an unreasonable delay. The defendant in *Barker v. Wingo*, supra, waited five years for trial and was not denied his right to a speedy trial. In fact, the delay here becomes even more reasonable when the reasons for the delay are considered. Defendant was scheduled for trial in Bon Homme County in August 1973 and waited until less than two weeks before the trial to request a change of venue. Once the venue change was granted, the case had to be rescheduled onto the trial calendar in Yankton County. This must necessarily account for some justifiable delay.* Admittedly, heavy court schedules and negligence are ultimately the responsibility of the government, but they

---

* "This case was placed on the March, 1973, term in Bon Homme County with trial date set for August 21, 1973, (See Exhibit A) but a new date was set for August 29, 1973, (See Exhibit B), however, on August 24, 1973, venue was changed to Yankton County by Court Order. The file was never transferred to the Yankton County Clerk of Courts and still remains with the Clerk of Courts of Bon Homme County, and the case was not placed on the September, 1973 term of Yankton County Circuit Court. The case was once again not placed on the February, 1974 term of Yankton County Circuit Court and apparently had been marked off the calendar of Bon Homme County."

should not weigh so heavily against the government as would a deliberate attempt to delay and hamper the accused's defense. *Barker v. Wingo,* supra. In *United States v. Ewell,* 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627, the court said, "However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself."

■ Furthermore, with regard to the third factor, not once did defendant demand a trial; in fact, his request for a change of venue might be considered a delaying tactic. Of course, defendant has a right to a fair trial in a place where the jury will be unbiased, and the enforcement of that right cannot be taken as a waiver of his right to a speedy trial. When, however, a change of venue has been granted, the right to a speedy trial takes on different contours and must be surveyed with that in mind. "[T]he essential ingredient is orderly expedition and not mere speed." *Smith v. United States,* 1959, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041, 1048.

Finally, we see no prejudice to the defendant resulting from this delay. He suggests that when his first lawyer died in October 1973, a new one should have been appointed immediately. While new counsel was not appointed until February 1, 1974, in view of the relatively short total time involved here, we cannot see that defendant was prejudiced unless his new lawyer was hindered in his defense by a lack of time. See *State v. Bishop,* 1973, Tenn., 493 S.W.2d 81. No such claim is made by defendant here.

■ Defendant assigns as error that there has been a failure to comply with SDCL 23-34-2 which states:

> "If a criminal action, unless postponed upon defendant's application, is not brought to trial during or before the second term after the one at which the indictment or information is filed, the court must order the prosecution dismissed."

This contention, if defendant prevailed, would require dismissal of the action but would not bar another prosecution for the same offense. SDCL 23-34-6; *State v. Werner*, 1960, 78 S.D. 562, 105 N.W.2d 668.

This court has previously refused to accept the argument that SDCL 23-34-2 is a legislative definition of the constitutional right. The statute is a rule for the administration of criminal cases. *State v. Werner*, supra.

■ SDCL 23-34-2 requires the dismissal of a case if it is not brought to trial within two terms after the term marking the filing of the information. Because the terms of court for Bon Homme and Yankton Counties are not identical, there is some uncertainty as to whether two terms have elapsed. We do not reach this question, however, since we find that this trial was postponed upon defendant's application. According to the statute, the two-term time requirement no longer applies after such a postponement.

The statute does not require a continuance but uses the more general term, postponement. In circumstances such as this, where the case has been set for trial, we hold that a change of venue granted less than two weeks before the trial date results in a postponement of the trial when the case must be rescheduled to another county. *People v. Zuniga*, 1973, 53 Ill.2d 550, 293 N.E.2d 595; *Cody v. Justice Court of Vacaville Judicial District*, 1965, 238 Cal.App.2d 275, 47 Cal.Rptr. 716. See also, *People v. Iasello*, 1951, 410 Ill. 252, 102 N.E.2d 138.

Defendant's next contention is that he was denied a proper preliminary examination. The record shows that at the preliminary hearing defense counsel requested, and was granted, a continuance to obtain a witness for the defendant. It also appears that after the hearing, and off the record, defense counsel indicated to the court and state's attorney that there would be no witness and that the court should make its decision then. The only evidence of this, however, is an affidavit of the state's attorney to that effect. Defense counsel and the judge at the preliminary examination have both since died, and there is nothing in the record from either of them to indicate what

transpired after the preliminary hearing was continued. At any rate, the defendant was bound over to circuit court on the date of the preliminary examination.

■ The right to a preliminary hearing is not guaranteed by either the Federal or South Dakota Constitutions. It is a right that may be waived. *State v. Roth,* 1969, 84 S.D. 44, 166 N.W.2d 564; *State v. Jameson,* 1960, 78 S.D. 431, 104 N.W.2d 45. SDCL 23-27-9 states that "any witnesses the defendant may produce *must* be sworn and examined." (emphasis supplied) SDCL 23-27-16 states that the defendant will be held to answer "If * * * it appears *from the examination* that a public offense has been committed and that there is sufficient cause to believe the defendant guilty thereof * * *." (emphasis supplied) If the defendant wishes to present witnesses, SDCL 23-27-9 prevents the termination of the examination until such witnesses have been heard. SDCL 23-27-16, in turn, protects a defendant from being bound over until the examination is finished.

Once a defendant has indicated he wishes to present witnesses, he may, of course, waive such presentation. See SDCL 23-27-1. The question here is whether the defendant can, after preserving the right to present testimony, make such a waiver.

The defendant appeared for arraignment in circuit court on June 25, 1973, at which time the following exchange took place in the presence of the defendant:

"THE COURT: Now, Mr. Gemar, is the defendant ready for the arraignment at this time?

"MR. GEMAR: We are, Your Honor."

■ We hold that any irregularity in the preliminary hearing was effectively waived by the defendant upon his failure to object thereto at the time of arraignment. *State v. Fradet,* 1929, 58 N.D. 282, 225 N.W. 789. Furthermore, this court in *Janklow v. Talbott,* 1975, 89 S.D. 179, 231 N.W.2d 837, held that a preliminary hearing is a statutory privilege and not a constitutional right, and in *Gerstein v. Pugh,* 1975, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54, the United States Supreme Court stated:

"* * * Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886). Thus, as the Court of Appeals noted below, although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." 95 S.Ct. at 865-866.

■ Thus, a finding by a jury of guilt beyond a reasonable doubt eliminates any question of probable cause to bind the defendant over for trial.

Defendant further cites as error the trial court's refusal to include defendant's proposed instruction on accomplice testimony. His argument is that there is no evidence to show that the persons who purchased these substances from defendant were working under the approval of the chief agent of the DCI. They were not, therefore, to be granted the benefits of a suspension of the drug laws conceivably allowable under SDCL 39-17-123(5). The purchasers are then liable for prosecution under law and are defendant's accomplices whose testimony must be corroborated under SDCL 23-44-10 in order to support a conviction. It is the failure to give this uncorroborated testimony instruction that is claimed as error.

■ Whether the purchasers are liable for prosecution is not determinative here. As we said in *State v. Johnson,* 1965, 81 S.D. 600, 139 N.W.2d 232, "To render one an accomplice he must in some manner knowingly and with criminal intent participate, associate or concur with another in the commission of a crime." The claimed accomplices here were working in cooperation with law enforcement authorities. There is no question that criminal intent is absent. The trial judge was correct in ruling as a matter of law that the witnesses here were not accomplices. *State v. Johnson,* supra.

Defendant next maintains that certain sections of the South Dakota controlled substances law are unconstitutional. See SDCL

39-17-88, 39-17-95 and 39-17-140. SDCL 39-17-88 and 39-17-91 outlaw the possession and distribution of controlled substances with certain exceptions, such as possession under a doctor's prescription.

SDCL 39-17-140 states:

"It shall not be necessary for the state to negate any exemption or exception set forth in this chapter in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this chapter, and the burden of proof of any such exemption or exception shall be upon the person claiming the benefit."

Defendant argues that SDCL 39-17-140 is unconstitutional because it requires the defendant to bear the burden of proof and relieves the state of negating any exception beyond a reasonable doubt. This claim apparently rests on the due process clause. The statute is also said to be faulty in that it requires the defendant to take the stand in apparent derogation of his privilege against self-incrimination.

Defendant claims no statutory exemption in this case and we prefer to answer that question when it is squarely presented to us. Defendant lacks standing to challenge the constitutionality of a law not affecting him. See *City of Pierre v. Russell,* 1975, 89 S.D. 70, 228 N.W.2d 338.

Defendant's final argument objects to a denial of a motion to restrain the state from making comments about opium during the course of the trial. What was thought to be opium when purchased turned out to be nothing more than incense and was certainly not a controlled substance. The charges referring to opium had been dropped, and defendant claims any reference to opium in front of the jury would be highly prejudicial.

We note that references to opium during the trial were all qualified by coincident references to the analysis revealing the substance to be incense. Such references may tend to be improper, but there is overwhelming evidence in the record to support the conviction, and any error in allowing these state-

ments was, we believe, harmless. The jury was, after all, instructed only as to the charge involving the one controlled substance involved. See *State v. Kindvall,* 1971, 86 S.D. 91, 191 N.W.2d 289; *Johnston v. United States,* 1966, 8 Cir., 356 F.2d 680.

Affirmed.

All the Justices concur.