JANKLOW, Petitioner v. ERICKSON, Respondent

(233 N.W.2d 809)

(File No. 11695. Opinion filed October 17, 1975)

William J. Janklow, Atty. Gen., on the brief, Earl Mettler, Asst. Atty. Gen., Pierre, for petitioner.

John R. Kabeiseman of Brady, Kabeiseman, Light & Reade and Steve M. Johnson, legal intern, Yankton, for respondent and for Armand Max.

WOLLMAN, Justice.

Upon application by the Attorney General, we issued an alternative writ of prohibition commanding respondent, Honorable Donald E. Erickson, one of the circuit judges of the First Judicial Circuit, to desist and refrain from taking any further action with respect to an order that he had entered that directed Don Gromer, an agent of the South Dakota Division of Criminal Investigation, to deliver certain materials to the attorney for one Armand Max (defendant), who had been charged with the crime of assault with a dangerous weapon.

A preliminary hearing on the above described charge against defendant was scheduled for June 26, 1975, before Honorable Robert Ulrich, law trained magistrate of the First Judicial Circuit. After defendant's attorney was unable to secure the materials in question from the state pursuant to his request, he secured, ex parte, an order from respondent requiring Agent Gromer to "*  *  * produce the following items and deliver them to John R. Kabeiseman of Brady, Kabeiseman, Light and Reade: all records, statements taken, police reports, photographs and anything else held in connection with the above entitled case. It is further ordered that this judicial order shall be promptly carried out no later than June 25, 1975, at 12:00 A.M."

Defendant contends that the instant case is not controlled by our recent decision in *Janklow v. Talbott,* 89 S.D. 179, 231 N.W.2d 837. He argues that unless his attorney is given the opportunity of examining the materials in question prior to the preliminary hearing, he will be denied his constitutional right to the effective assistance of counsel. Defendant further contends that because there is a serious question whether the police officers conducted an illegal search of defendant's apartment, it is essential that this issue be resolved at the preliminary hearing in order that the magistrate might determine whether there is sufficient legally admissible evidence to justify binding defendant over for trial, a determination can be adequately made only if defendant's attorney is given an opportunity to inspect all documents that pertain to that issue.

Although defendant's counsel have ably briefed and argued the matter, we conclude that our decision in *Janklow v. Talbott* is controlling here and that the order in question should not have been entered. The thrust of that decision is that the preliminary hearing provides a prompt judicial determination of the question whether a crime has been committed and whether there is sufficient cause to believe that the defendant is guilty thereof. Following that determination, appropriate discovery procedures may be conducted prior to any hearings on motions to suppress and other pretrial motions. If the preliminary hearing were the sole pretrial stage at which questions regarding the admissibility of evidence and confessions and other related matters could be determined, defendant's argument would carry greater weight.

Because the preliminary hearing is not intended to serve such function, however, unwarranted delay in the prompt determination of probable cause could too easily result if discovery procedures were routinely carried out at that stage of the proceedings, the inevitable result, we believe, if orders such as the one in question were given our approval.

Our holding herein does not mean that a defendant may not at a preliminary hearing demand for the purpose of cross-examination any prior statement made by a state witness. It does mean that the preliminary hearing is not a discovery proceeding and that any discovery obtained can only come from the examination and cross-examination of state witnesses called to establish probable cause.

The alternative writ heretofore entered will be made permanent, and respondent will be restrained from taking any action to enforce the order in question.

All the Justices concur.