**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ALBERT JOHN QUETEL, Defendant**

Civil No. F40-1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John ·

February 26, 1982

LAURENCE RAMER, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

RHYS S. HODGE, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## OPINION

### I. INTRODUCTION

The defendant has moved to dismiss this case on the grounds (1) that his right to a speedy trial under the Speedy Trial Act, 18 U.S.C.A. §§ 3161–3174 (Supp. 1980) (hereinafter Act) and the Plan for the Disposition of Criminal Cases adopted thereunder (hereinafter Plan) has been violated, (2) that his right to a speedy trial under the Sixth Amendment of the United States Constitution has been violated, and (3) that his right under the Equal Protection clause of the Fourteenth Amendment of the United States Constitution has been violated. For the reasons which follow, the court concludes (1) that neither the Act nor the Plan is applicable to criminal proceedings in the Territorial Court, (2) that the defendant's right to a speedy trial under the Sixth Amendment has been violated, and (3) that since the defendant's motion to dismiss will be granted on Sixth Amendment grounds, his Equal Protection claim need not be addressed.

### II. FACTS

The defendant is charged with the unauthorized use of a vehicle in violation of 14 V.I.C. § 1382, operating a motor vehicle in a negligent manner in violation of 20 V.I.C. § 503, failing to give his name, address, license number, etc., to the person injured, and to give a report of the accident to the police in violation of 20 V.I.C. § 541. The information was filed on July 1, 1980, the arraignment took place on July 25, 1980, and a jury trial was demanded. A pre-trial conference was held on November 25, 1980, and jury trial was set for December 1, 1980. At the pre-trial conference, the Government moved to continue the trial date but withdrew its motion when defendant objected. Due to a crowded docket, the court on its own motion continued the case. Subsequently, another pre-trial conference was

147

scheduled for March 25, 1981, and a trial date was set for March 30, 1981. Defendant filed his motion to dismiss on March 12, 1981, prior to the rescheduled pre-trial date. Similar motions were being filed by other defendants whose cases were pending in the Territorial Court. In view of the similarity of the defendant's claims, particularly with respect to the time limitations of the Speedy Trial Act and the Speedy Trial Plan, all motions were taken under advisement while an attempt was made to get an en banc opinion from all judges of the Territorial Court. After substantial discussions and review of draft opinions, this attempt proved unsuccessful, and each judge was advised to render individual opinions, if necessary. This opinion follows that decision.

### III. APPLICABILITY OF THE ACT & PLAN—PER SE

■ The goal of the Act is to dispose of federal criminal cases with reasonable dispatch, and it specifically states that it applies only to federal offenses. 18 U.S.C. § 3172(2).[1] Under 18 U.S.C. § 3165 each federal district court was mandated to conduct a continuing study of the administration of its criminal justice system and to prepare Speedy Trial plans in accordance with the Act. Pursuant to this mandate, the United States District Court for the Virgin Islands submitted its Plan to the Judicial Council for the Third Judicial Circuit in June 1978 which approved the Plan. The Plan adopts the maximum time limits of the Act: thirty days from the date of arrest or service of summons allowed for the filing of the information; ten days from the date of the information allowed for arraignment; and sixty days from the arraignment allowed for trial. Plan pp. II-2–II-6.

■ Since the Act applies only to federal offenses, and since the District Court has jurisdiction over both federal and territorial offenses, the District Court was faced with the possibility of applying the Act and its Plan to those defendants charged with federal offenses but denying its application to those defendants charged with territorial offenses. In order to provide consistency in the treatment of all defendants brought before it, the District Court chose to apply its Plan to territorial offenses tried in that court. Plan, p. II-1. Although the District Court indicated in the Plan that

---

[1] Section 3172(2) of the Act defines "offense" as follows:

"The term 'offense' means any Federal criminal offense which is in violation of any Act of Congress (other than a petty offense as defined in section 1(3) of this title, or an offense triable by court martial, military commission, provost court, or other military tribunal)."

it favored an amendment to the Act to make it applicable to criminal statutes enacted by territorial legislatures, no such amendment has been adopted by the United States Congress. Moreover, no speedy trial act has been enacted by the Virgin Islands Legislature and no speedy trial plan has been adopted for the Territorial Court, which has jurisdiction over territorial offenses only. Thus, it is obvious that neither the Act nor Plan applies, per se, to criminal proceedings in the Territorial Court.

## IV. APPLICABILITY OF THE ACT & PLAN—RULE 7

Despite the inapplicability of the Act and Plan per se, the defendant argues that 5 V.I.C. App. IV, Rule 7 requires the practice and procedure of the Territorial Court to conform to that of the District Court, and that since the District Court applies the Act and Plan to territorial offenses tried in that court, the Territorial Court must do likewise.

■ 5 V.I.C. App. IV, Rule 7 of the Territorial Court Rules states in part as follows:

> The practice and procedure in the municipal court shall conform *as nearly as may be* to that in the district court in like causes, *except where there is an express provision in the law or these rules to the contrary* . . . [2] (emphasis supplied).

Since the Territorial Court and the District Court have concurrent jurisdiction over territorial offenses punishable by up to 5 years imprisonment, such criminal cases are triable in both courts. Rule 7 therefore attempts to insure that the Territorial Court procedures are consistent, as nearly as possible, with those of the District Court. Significantly, however, Rule 7 makes it clear that it does not apply where there is an express provision in the law to the contrary. Moreover, even where it is applicable Rule 7 does not mandate verbatim adoption of the practice and procedure of the District Court, for it requires only that they conform as nearly as possible in similar causes of action.

In this case, since the Act specifically limits its application to federal offenses, such an express provision renders Rule 7 inapplicable under these circumstances. Further, the Plan, by its terms, applies to proceedings in the District Court only, was adopted after consid-

---

[2] In 1976, the municipal court's name was changed to "Territorial Court of the Virgin Islands." 4 V.I.C. § 2.

ering only the needs and resources of the District Court,[3] and does not indicate in any way that it is to apply to proceedings in the Territorial Court. Clearly, if the District Court intended to make the Plan applicable to proceedings in the Territorial Court it could have so stated.

Moreover, it is obvious that before a Speedy Trial Plan can be formulated for the Territorial Court, its needs and resources and those of the Attorney General's Office, the Territorial Public Defender's office, the Territorial Probation Office and the defense bar must be taken into consideration.[4] Since the District Court Plan does not reflect these factors, its application to the Territorial Court would be inappropriate at this time.

■ The court therefore concludes that Rule 7 of the Territorial Court Rules does not make either the Act or the Plan applicable to criminal proceedings in the Territorial Court.

## V. SPEEDY TRIAL—SIXTH AMENDMENT

■ In determining whether the defendant's Sixth Amendment right to a speedy trial has been violated, the facts of the case must be examined using the guidelines articulated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972). These are: 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of his right to a speedy trial and 4) prejudice to the defendant.

A. *Length of the Delay.*

■ From the date of filing of the information to the date of defendant's motion to dismiss a period in excess of nine months had elapsed, and the total length of delay has now exceeded eighteen months. A nine-month delay has not been unusual in some jurisdictions, and delays well in excess of nine months, when weighed with the other factors enunciated in Barker v. Wingo, supra, have been upheld as not in violation of the defendant's Sixth Amendment right

---

[3] Pursuant to 18 U.S.C. § 3168 and § 3169, the District Court's Plan was formulated after consultation with and after considering the recommendations of the Federal Judicial Center and the Planning Group for that District. The Planning Group consisted of Judges of the District Court, the U.S. Attorney, the Clerk of the District Court, the Federal Public Defender, the U.S. Magistrate, four defense attorneys and the Chief U.S. Probation Officer. Plan pp. I-2–I-5. In order to prepare the Plan, it was necessary to study the District Court's experience with processing criminal cases, taking into account its case load, average time for case processing, its personnel, number of judges, the capabilities of the Office of the U.S. Attorney and the Federal Public Defender and all other factors having any effect on its criminal docket.

[4] See note 3, supra.

to a speedy trial. However, in this jurisdiction a delay of nine months is unusual, and it is approximately three times as long as the maximum time allowable under the Act and Plan. In the opinion of this court, only exceptional circumstances could justify such a delay in bringing a criminal defendant to trial in the Virgin Islands. Such circumstances do not exist in this case; thus, the length of the delay is excessive.

B. *Reason for the Delay.*

 In considering the reason for the delay, any conduct by either the defendant or the prosecution which contributed to the delay must be weighed against that party. In this case, the delay is attributable to neither the defendant nor the prosecution. Except for the Government's motion to continue, which was withdrawn, any continuance of this matter resulted solely from the court's initiative, in managing its docket and in attempting to settle at one time all pending speedy trial claims. Hence, this factor is not chargeable against either party.

C. *Defendant's Assertion of His Right to a Speedy Trial.*

██ Regarding the defendant's assertion of his speedy trial rights, it is undisputed that he objected to the government's motion for a continuance during the first pre-trial hearing. This, coupled with his readiness to proceed, constituted a clear assertion of his right to a speedy trial. Thus, this factor must be weighed in his favor.

D. *Prejudice to the Defendant.*

 The most critical factor is whether the defendant was prejudiced by the delay. The United States Supreme Court has articulated three interests to be considered in making this determination. These interests are: (1) pre-trial incarceration, (2) anxiety and concerns of the accused, and (3) impairment of the defense. Barker v. Wingo, supra. Since the defendant was released on bail, he can claim no prejudice based on incarceration. Similarly, since defendant has alleged no particular anxiety caused by the delay and none is apparent from the record, he cannot claim prejudice based on anxiety or concern. Defendant asserts, however, that due to the passage of time, his witnesses have difficulty in recalling his activities, thereby impairing his defense. To show that the defense has been impaired, it is not enough to allege generally a failure of memory. The defendant must show how a particular witness would have helped his case in the absence of the delay. United States v.

Beckham, 505 F.2d 1316 (5th Cir. 1975), cert. denied, 421 U.S. 950 (1975). Here, the defendant has specifically asserted that his witnesses were needed to establish his alibi defense that he was not the operator of the vehicle and could not have been the operator since he was elsewhere at the time of the incident, in the presence of his witnesses. Since the incident occurred more than eighteen months ago, and since the record shows no particular reason why the witnesses would record or highlight the defendant's whereabouts at that time, the court is satisfied that their memory would at best be vague. This vagueness would necessarily result in the impairment of the defense, thereby constituting prejudice to the defendant.

In balancing the foregoing four factors of Barker v. Wingo, the court finds them to be strongly in the defendant's favor and therefore concludes that his Sixth Amendment right to a speedy trial has been violated.

## VI. CONCLUSION

The Court concludes that the defendant's contentions under the Speedy Trial Act and Plan are without merit, but that his Sixth Amendment right to a speedy trial has been violated. Accordingly, his motion to dismiss will be granted.