GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

**JULIAN KING, Defendant**

Criminal No. 204/1989

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 28, 1990

NELSON JONES, ESQ., Assistant Attorney General (Office of the Attorney General), St. Thomas, V.I., *for Government*

DAVID A. BORNN, ESQ., St. Thomas, V.I., *for defendant*

SWAN, *Judge*

## MEMORANDUM OPINION

### INTRODUCTION

Defendant, Julian King, has moved the Court to dismiss this action, because of the Government's failure to commence prosecution of the case within the statutory one-year limitation after commission of a misdemeanor. 5 V.I.C. 3541. Defendant further asserts that the failure to provide him a trial violates his right to a speedy trial under the Speedy Trial Act and Plan (18 U.S.C. 3161 et seq.) and similarly violates his right "to a speedy and public trial" under the Sixth Amendment of the United States Constitution. For the reasons which follow, defendant's motion is denied.

115

## FACTS

Defendant cites the provisions of the Federal Speedy Trial Act ("ACT") to support his contention that a trial in this action should have commenced within one year after the date of the alleged occurrence which constituted the crime for which he is charged. The defendant was arrested for petit larceny on April 23, 1989 the day of the alleged offense. The Court finds that defendant was advised of his rights on April 24, 1989, whereupon he was ordered to appear for arraignment on June 1, 1989. For that arraignment, a copy of both the summons and complaint were served upon defendant on May 17, 1989.

The Court's record of proceeding reflects that on June 1, 1989, the defendant arrived in court for arraignment after the calendar call. He was then placed on probation and ordered back for arraignment on June 8, 1989, but he failed to appear on that date. Accordingly, a warrant was issued for his arrest, and a third arraignment date rescheduled for June 22, 1989.

Prior to the June 22, 1989 arraignment, the Court received a June 16, 1989 letter from defendant's counsel, stating that defendant's counsel would be off-island on June 22, 1989. The Court promptly granted defendant's counsel a continuance and rescheduled a fourth arraignment date. Subsequently, Defendant filed a motion to dismiss the case for failure to prosecute these within one year.

The defendant also asserts that an earlier complaint embodying the same charge was dismissed and that a new complaint was served upon him on May 17, 1990. Nonetheless, the court's file is devoid of any documentation of a dismissal of an earlier complaint or of the filing of a new complaint.

## DISCUSSION

### APPLICABILITY OF THE ACT TO TERRITORIAL COURT PROCEEDINGS

■ The Speedy Trial Act and Plan ("Act"), which was adopted by the U.S. Congress in 1974, applies to Federal Criminal offenses prosecuted in a United States District Court of suitable jurisdiction. The Act is conspicuously silent on its applicability to territorial offenses or violations of local laws. Government of the Virgin Islands v. Quetel, 18 V.I. 145 (Terr. Ct. St. T. and St. J. 1982); In re Marvin A., 17 V.I. 102 (Terr. Ct. St. T. and St. J. 1980). The Territorial Court has

116

jurisdiction to try some cases involving territorial offenses such as the offense charged in this case. Nonetheless, in the case of Government of the Virgin Islands v. Bryan, 818 F.2d 1069 (3rd Cir. 1987) the Appellate Court held that the Act does not apply by its own terms to territorial offenses tried in the District Court of the Virgin Islands. The Appellate Court further states that territorial crimes established by the Legislature of the Virgin Islands are not "offenses" within the meaning of the Act, because 18 USC 3162(a)(1) applies only when a defendant is charged with an "offense," which the Act defines as any federal criminal offense in violation of any Act of Congress and triable by any court established by an Act of Congress.

■ Thus, the crime of petit larceny, which is a violation of a local criminal statute (14 V.I.C. 1084), is not a crime recognizable under the Act. Accordingly, the defendant cannot avail himself of the provisions of the Act.

## SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL

■ Although the Act does not apply to Territorial offenses prosecuted in Territorial Court, the Sixth Amendment to the United States Constitution does apply. (Section 3, Revised Organic Act of 1954 as amended ch. 558, 68 Stat. 497). Accordingly, the Court must determine whether the defendant's Sixth Amendment Right to a Speedy Trial has been violated. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972), the Supreme Court pronounced four factors to be determined in deciding whether a defendant's Sixth Amendment speedy trial right has been violated. They are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial and (4) prejudice to the defendant. See also Government of the V.I. v. Burmingham, 788 F.2d 933 (3rd Cir. 1986); Government of the V.I. v. Pemberton, 813 F.2d 626 (3rd Cir. 1987). The Court will examine each factor in seriatim.

## LENGTH OF THE DELAY

A delay of 16 to 18 months between the filing of the information and trial was found not to be a denial of defendant's constitutional rights to a speedy trial. Pemberton, supra. In this case, there is a delay of approximately the same length as in Pemberton. Additionally, the delay was not occasioned by any improperly motivated or intentional action by the Government. Likewise, there is no evidence that the Government contributed to the delay in this case.

117

■ Nonetheless, determining when a delay is so excessive that it violates the defendant's Sixth Amendment rights can rarely be determined without examining the other three related factors.

## REASON FOR THE DELAY

■ Delays caused by "exceptional circumstances" which are not due to the unjustifiable procrastination of the Government's counsel do not violate the defendant's Sixth Amendment right to a Speedy Trial. See Quetel, Bryan, Burmingham, supra. In Pemberton, the Court distinguished a delay which was due to the negligence of the Government's counsel and a delay that was caused by a crowded court docket. The delay in the latter instance is more excusable than when the government negligently or deliberately attempts to prolong the case in order to hamper, frustrate, or undermine the defendant's defense. In this case, part of the delay was caused by the Court's heavy trial calendar. Additional, further delay was caused when the Court's trial calendar was suspended for more than three (3) months in the aftermath of Hurricane Hugo which visited the territory on September 17–18, 1989, wreaking havoc, damaging buildings and otherwise devastating the territory. Because the courthouse sustained extensive structural damage, the trial calendar was suspended thereafter for several months. Therefore, some delay in the prosecution of this matter emanated from an unanticipated "Act of God." It should be noted, however, that even though the trial calendar was suspended during this period, the Clerk's office continued accepting the filing of new criminal and civil cases.

■ Any conduct by the defendant or by the prosecution which contributed to the delay must be weighed against that party. Quetel, 18 V.I. at 151. The defendant contributed to the delay in prosecuting this matter, by his failure to appear for arraignment dates. His counsel likewise caused a delay by requesting a continuance. Consequently, part of the delay is due to the absence or unavailability of the defendant at scheduled hearings. In U.S. v. Garrett, 720 F.2d 705 (D.C. Cir. 1983) the Court held that a defendant contributes to a delay if at the time of the trial, his whereabouts were unknown, or he was attempting to avoid apprehension or prosecution, and his whereabouts could not be ascertained by due diligence. In this case, the defendant was tardy in arriving in court for arraignment on June 1 after the call of the calendar, causing his case to be continued to June 8, 1989. Defendant failed to appear for his arraignment, and he has not offered any legitimate excuse for his absence on that day.

118

It is noteworthy that the Government has never made a motion to continue this matter. Furthermore, all of the continuances granted in this case have been attributed either to the defendant or to his counsel.

## THE DEFENDANT'S ASSERTION OF HIS RIGHT
## TO A SPEEDY TRIAL

 In Quetel, the Court noted that at a pre-trial conference, the defendant asserted his right for a speedy trial by announcing his readiness for trial and his objection to the government's motion for a continuance. 18 V.I. at 151. In this case, the defendant's first assertion for a speedy trial was his motion filed May 31, 1990, more than a year after his failure to appear for the first arraignment date. In Barker, the Supreme Court emphasized that the defendant's failure to timely assert his right to a speedy trial will make it difficult for a defendant to prove that he was denied a speedy trial. 407 U.S. at 531–32, 92 S.Ct. at 2192–93. Therefore, the Court concludes that the defendant failed to timely assert his right to a speedy trial.

## PREJUDICE TO THE DEFENDANT

 In Barker, supra, the Supreme Court announced that prejudice to the defendant must be analyzed in light of the rights a speedy trial was designed to protect, which are preventing oppressive pre-trial incarceration, minimizing the accused's anxiety and concerns, and limiting the possibility that the defense will be impaired.

The record does not indicate that the defendant was incarcerated during the pendency of this case. There is no evidence that the delay caused defendant any great anxiety, embarrassment, or other psychological distress or discomfiture. Defendant contends, however, that he believed his case was dismissed and, therefore, he thought he was discharged from any further obligation in this matter. Laboring under that mistaken belief, it is unlikely that the defendant suffered any adverse psychological effects by the delay.

 The defendant avers that the original information was dismissed, and subsequently a new information arising out of the same occurrence was filed against him on May 24, 1990. Thus, he argues that the May 24, 1990 filing occurred more than a year after the April 23, 1989 date of the offense. Therefore, the complaint is barred by the one year statute of limitation. The Court's record does not support defendant's contention, because there is no evidence in the

Court's record that the original complaint was ever dismissed. Similarly, the Government has denied any knowledge of such action being taken. Thus, the Court concludes that the defendant is mistaken in his belief regarding a dismissal of this action and a later filing of a new complaint. Defendant's contention, therefore, is specious and non-meritorious.

■ Defendant makes a further claim that his defense will be hampered, because the time between the alleged crime and trial will result in the dulling of his memory of the event and "make it more difficult to present witnesses who can accurately recall the incident." (Def. Memorandum, Motion to dismiss p. 3). The mere possibility of absence or loss of memory of witnesses in a case is not sufficient to show actual prejudice nor is vague assertions of witnesses' faded memory sufficient to substantiate a speedy trial violation. United States v. Jones, 808 F.2d 561, 567 (7th Cir. 1986) Cert. denied 481 U.S. 1006 (1987). Equally without merit is the assertion that a trial delay makes it impossible to locate evidence or witnesses. United States v. Russo, 796 F.2d 1443, 1451 (11th Cir. 1986). It is the government that bears the burden of proving the charges against defendant beyond a reasonable doubt. The passage of time makes it difficult or impossible for the government to carry this burden. Pemberton, supra. Defendant has no burden to produce witnesses or to produce evidence in order to prove his innocence. Indeed, it is the Government that will be most adversely affected by the delay.

## CONCLUSION

■ For the mentioned reasons, the Court concludes that a 16 to 18 months delay caused in part by continuances requested by the defendant, a heavy trial calendar, and the occurrence of an act of God is not unreasonable; therefore, the defendant's motion to dismiss this case is DENIED.

## ORDER

AND, NOW, this 28th day of September, 1990; it is hereby

ORDERED that pursuant to the Court's September 28, 1990 Memorandum Opinion, the defendant's motion to dismiss this case is DENIED.