## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff
## v.
## JOEL FAHIE, Defendant

Criminal No. F97/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 16, 1995

Douglas Dick, Esq., Assistant Attorney General, Department of Justice, St. Thomas, V.I., *for Plaintiff*

Brenda Scales, Esq., Territorial Public Defender, St. Thomas, V.I., *for Defendant*

HODGE, *Judge*

## MEMORANDUM AND ORDER

The question presented on defendant's Motion to Dismiss is whether a claim of lack of a speedy trial under the Sixth Amendment has been established. For the following reasons, the court holds that defendant's Sixth Amendment right to a speedy trial has been violated and that therefore this case must be dismissed.

## I. BACKGROUND

Defendant was formally charged on April 13, 1993 with Assault in the Third Degree in violation of 14 V.I.C. section 297(2) [Count I]; Assault in the Third Degree in violation of 14 V.I.C. section 297(3) [Count II]; Assault in the Third Degree in violation of 14 V.I.C. section 297(4) [Count III]; and Carrying or Using Dangerous Weapons in violation of 14 V.I.C. section 2251(a)(2)(b) [Count IV]. Defendant remained incarcerated until June 8, 1993, when he was released on an unsecured bond of $2,000.00.[1]

Defendant appeared at his Arraignment on April 15, 1993 and was represented by Territorial Public Defender Leslie Payton. Assistant Attorney General Gerald P. Boggess appeared on behalf of the Government. On May 28, 1993 and on May 30, 1993,

---

[1] Defendant's bail originally was set at $20,000.00. It was reduced to $2,000.00 on April 21, 1993, but defendant still was unable to post it. On June 4, 1993, an order was entered for the release of defendant upon the execution of an unsecured bond in the amount of $2,000.00.

defendant requested a speedy trial. A pretrial conference was scheduled for May 3, 1994 and jury selection for May 9, 1994. Defendant appeared at the pretrial conference and was represented by Territorial Public Defender Brenda Scales. Assistant Attorney General Douglas Dick appeared on behalf of the Government. The jury selection was rescheduled to August 1, 1994 by the court.

On July 27, 1994, the Government filed a Motion for Continuance. As reason for its motion, the Government stated that the only objective eyewitness who could identify defendant was off island on vacation for at least two weeks. The Government contended that it could not prove its case without the testimony of the eyewitness, Ingrid Beazer. On August 1, 1994, defendant appeared for the scheduled jury selection with his attorney. The court granted the Government's Motion for Continuance over defendant's objection.

A second pretrial was scheduled for February 13, 1995. Once again, defendant appeared with his attorney, Territorial Public Defender Brenda Scales. Assistant Attorney General Douglas Dick appeared on behalf of the Government. Jury selection was scheduled for February 27, 1995. On February 27, 1995, defendant filed a Motion to Dismiss and the court continued the jury trial sine die.

## II. PARTIES' CONTENTIONS

In support of his motion, defendant states that he has requested a speedy trial, that it has been twenty two (22) months since his arrest, that he has not caused the delay in the case, and that he has been prejudiced by the delay because his defense is impaired by his inability to locate material witnesses and by the passage of time. In opposition, the Government argues that its Motion for Continuance, which caused the August 1, 1994 jury selection date to be rescheduled, was not in bad faith, that it has attempted to assist defendant with obtaining witnesses, and that defendant is not substantially prejudiced.

## III. DISCUSSION

The court must consider the following factors in considering whether a defendant has been denied his Sixth Amendment right

to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) the prejudice to defendant resulting from the delay. Barker v. Wingo, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).

## A. *Length of the Delay*

■ The first Barker factor has been interpreted to require the length of the delay to be "presumptively prejudicial." United States v. Loud Hawk, 474 U.S. 302, 88 L. Ed. 2d 640, 106 S. Ct. 648 (1986). Although in Barker, the length of the delay was five years, shorter delays have been held to create a presumption of delay. See United States v. Benjamin, 28 V.I. 133, 816 F. Supp. 373 (D. V.I. 1993) in which eighteen months were held to be presumptively prejudicial. The more serious and complex the charge, the longer the delay must be to be presumptively prejudicial. Barker, *supra*. Here, defendant is charged with an ordinary crime, Assault in the Third Degree. Because this is an ordinary crime that does not involve any complex or novel issues, the 22-month delay is lengthy enough to create a presumption of prejudice.

## B. *Reason for the Delay*

■ The second factor the court must examine is the reason for the delay. Any conduct by either the defendant or Government which contributed to the delay must be weighed against that party. Government v. Quetel, 18 V.I. 145 (1982). It appears from the record that the first jury selection, which was scheduled for May 9, 1994, was rescheduled by the court. The second, scheduled for August 1, 1994, was continued at the request of the Government. The third, scheduled for February 27, 1995, was delayed by defendant, who filed the instant motion.

The Government argues that its Motion to Continue was not made in bad faith and that it needed Ingrid Beazer, a material and objective eyewitness, to prove its case. Since Beazer was off island on vacation for two weeks, the Government argues that it had no choice but to seek a continuance until Beazer became available. Defendant, who objected to the continuance, argues that the Government had other eyewitnesses who it could have called to

115

prove its case. However, the record lacks evidence of any attempt by the Government to deliberately delay the trial. "Evidence of a deliberate attempt to hamper the prosecution must be weighed heavily against the Government." Benjamin, 28 V.I. at 149. However, more neutral reasons such as overcrowded dockets and neglect are weighed less heavily. The continuance should not be weighed too heavily against the Government because there is no evidence in the record that the Government deliberately attempted to delay the trial.

Defendant also argues that the Government caused the delay of the February 27, 1995 jury selection by providing requested Brady material on February 23, 1995, and notifying defense counsel on February 22, 1995, that it had the stick that defendant allegedly used to assault the victim. Defendant points out that at defendant's Arraignment on April 15, 1993, the court ordered discovery completed by May 7, 1993, and that discovery was requested from the Government on April 26, 1993, and a Motion to Compel Complete Discovery was filed on May 28, 1993. Defendant therefore contends that because of the late disclosure of the witnesses statements and the physical evidence, he did not have adequate time to prepare for the February 27 jury selection date.

The Government argues that defense counsel could have interviewed the witnesses herself because she either had their names and addresses since 1993 and/or the defendant knows them personally. The Government further states that one witness, Kim Brown, whose statement was given to defendant on February 23, 1995, was mentioned by Ingrid Beazer in her statement which was given to defendant since 1993. It appears that the Government is arguing that based on that fact, it was relieved of its duty to disclose Kim Brown's statement to the defense.

However, the Government cannot so easily avoid its duty of disclosure to the defense. The Government has failed to explain its lengthy delay in disclosing both the stick and the witnesses' statements to defendant. Such a delay can only be deemed an unacceptable reason for the delay, and as such must be weighed heavily against the Government.

## C. *Defendant's Assertion of His Speedy Trial Right*

The third factor the court must examine is defendant's assertion of his right to a speedy trial. Defendant has clearly asserted his right to a speedy trial. On May 28, 1993, defense counsel filed a Demand for Speedy Trial, and on May 30, 1993, defendant, who was incarcerated at the time, wrote a letter to the court requesting a speedy trial.

## D. *Prejudice to Defendant*

■ Finally, the court must consider whether defendant has been prejudiced by the delay. The Supreme Court has articulated three interests to be considered in deciding whether defendant has been prejudiced by the delay. These interests are: (1) pre-trial incarceration; (2) anxiety and concerns of the accused; and (3) impairment of the defense. Barker, *supra.* Since defendant was released on bail, the court finds no prejudice based on incarceration.[2] Likewise, since defendant has alleged no anxiety caused by the delay, and none is apparent from the record, the court finds no prejudice based on anxiety or concern.

■ However, defendant has alleged impairment of his defense, which the Supreme Court has called the most serious of the three interests "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Barker, 407 U.S. at 532. In addition to the general prejudice which results from faded memories and inaccurate recollection of events, defendant argues that he is having difficulty contacting two material witnesses, one of whom has left the Virgin Islands and relocated to the continental United States. Defendant further argues that had he sooner received Kim Brown's statement and Walter Ells, Jr's criminal complaint filed against the victim, he would have pursued a different investigative approach in preparation for his defense.

Brown's statement reveals that at the time of the incident she saw a young man of defendant's description get out of a truck with a stick, but that he was not the one who struck the victim, Duniel

---

[2] Defendant is incarcerated on an Immigration hold, which is unrelated to this matter.

117

Farrell. Defendant is charged with assaulting Farrell. Ells, whose vehicle collided with Farrell's vehicle and caused the accident out of which the incident arose, filed a police report against Farrell claiming that Farrell assaulted him. The defense did not learn of Ells' complaint against Farrell until February 27, 1995 when the Government faxed a copy to defense counsel.

Ells filed his complaint against Farrell on March 21, 1993, one day after the incident. The Government did not notify the defense of the complaint until February 27, 1995, almost two years after it was filed. Similarly, the Government failed to disclose the statement of Kim Brown to the defense until almost two years after the statement was taken on April 17, 1993. Defendant has stated that if he had the newly disclosed information available to him earlier, he would have pursued a different strategy in the investigation and defense of his case. Defendant can no longer pursue this investigative and defensive strategy because of an almost two-year delay and unavailable witnesses. Therefore, in considering the inherent prejudice in such a lengthy delay along with the particularized prejudice enunciated by defendant, the court finds that the defense has been impaired to the prejudice of defendant.

## IV. CONCLUSION

Based on the foregoing, the court concludes that defendant's Sixth Amendment right to a speedy trial has been violated, and that therefore this case should be dismissed. Accordingly, it is hereby,

ORDERED, that defendant's Motion to Dismiss is GRANTED; and it is further,

ORDERED, that this matter is DISMISSED.