**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**RAFAEL RIVERA, Defendant**

Case No. ST-09-CR-F53
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
November 17, 2010

RENÉE GUMBS CARTY, ESQ., Assistant Attorney General, U.S. Virgin Islands Department of Justice, St. Thomas, USVI, *Attorney for Plaintiff.*

RENÉE MARIE ANDRÉ, ESQ., Marjorie Rawls Roberts, PC, St. Thomas, USVI, *Attorney for Defendant.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

(November 17, 2010)

Pending before the Court are several motions. First and foremost among them is the "Motion to Dismiss for Lack of Speedy Trial" filed by Defendant Rafael Rivera ("Defendant" or "Mr. Rivera"). The remaining requests arise out of this primary motion. The People of the Virgin Islands (the "People") filed a "Motion for Enlargement of Time to File Opposition to Defendant's Motion to Dismiss for Lack of Speedy Trial", and thereafter filed an opposition to Defendant's motion to dismiss.

119

Mr. Rivera filed a reply to the People's opposition papers. Also before the Court are Defendant's "Motion for Reconsideration" and "Motion to Deem Defendant's Motion to Dismiss Conceded". The People have not filed any opposition to either of these motions. The Court disposes of each of these motions as set forth below.

## I. Factual and procedural background.

The Affidavit of Detective Albion George of the Virgin Islands Police Department ("VIPD") avers that on April 5, 2007, Milagros Caraballo was seated in her car in the vicinity of International Records and Tapes on Store Strade, St. Thomas, U.S. Virgin Islands. A male person approached Ms. Caraballo, pointed a gun at her, and, over her objections, forcefully took her purse which contained money and various personal items. A VPD officer, Leston Stout, who was in the vicinity at the time saw a masked male person running with a woman's handbag and pursued the individual. When Officer Stout directed the person to stop, he turned and pointed the gun at the policeman. In response to the threat, Officer Stout shot the individual in the arm. However, the person continued to try and evade arrest. The assailant was subsequently captured and identified as the defendant herein, Rafael Rivera. Because this motion to dismiss is premised on a purported violation of Defendant's right to a speedy trial, it is useful to review the history of activity in this litigation.

Based on the above-described sequence of events, the People filed an Information dated April 18, 2007 containing eight counts in the matter designated *People of the Virgin Islands v. Rafael Rivera*, Superior Court Case No. ST-07-CR-119. Mr. Rivera was charged with one count of first degree robbery, one count of grand larceny, two counts of first degree assault, and four counts of using a dangerous weapon during a crime of violence. In the course of that proceeding, Defendant twice moved this Court to dismiss the action with prejudice based on the failure of the People to provide certain discovery items relating to DNA evidence. In response to Mr. Rivera's second motion to dismiss, at a status conference held on October 17, 2008, the People made an oral motion to dismiss the action without prejudice which was granted by the Court.

On January 28, 2009, the Information in the present case was filed against Mr. Rivera asserting the same eight criminal charges. The same attorney who represented Mr. Rivera in the first case, the late William Glore, Esquire, was appointed to represent Defendant in this matter. On

May 7, 2009, Defendant filed a motion to extend the deadlines previously set for motion practice because the People again failed to provide certain DNA reports within the discovery time limits set by the Court. The following day, Defendant filed a motion requesting the appointment of a defense expert to assist him with respect to the DNA evidence at issue in this case. Then, on June 1, 2009, Mr. Rivera moved to dismiss this case with prejudice pursuant to Rule 16 of the Federal Rules of Criminal Procedure because the People had again failed to provide the requested DNA discovery. On that same day, Defendant moved the Court for the appointment of a graphic artist and an investigator.

At a pretrial conference held on June 8, 2009, the Court granted Mr. Rivera's motion for appointment of a DNA expert, denied his motion for an investigator and graphic artist, and directed the People to respond to Defendant's motion to dismiss. The Court also directed the People to respond to all of Mr. Rivera's outstanding discovery demands, by June 12, 2009. These oral orders, except for the discovery directive, were subsequently reduced to writing on June 8 and 15, 2009. The People filed a notice that they provided supplemental discovery on June 11, 2009.

Soon thereafter, the trial judge assigned to this case retired, and there was no further action in this matter until June 7, 2010, when a second pretrial conference was held before the undersigned. At that conference, based upon the concession from defense counsel that all discovery had been completed, the Court denied the motion to dismiss as moot. Then, by Order dated June 16, 2010, the Court set this matter for jury selection and commencement of trial on July 19, 2010. On June 18, 2010, an emergency motion to continue the trial was filed on behalf of Defendant, based upon the need of his counsel to undergo immediate medical procedures outside of the Virgin Islands and the uncertainty of the date of counsel's return to the Territory. Attorney Glore also requested that, in view of these circumstances, he be relieved as counsel for Defendant. The Court granted said motion, appointed Renée M. André, Esquire to represent Defendant, and continued the matter *sine die* to provide new counsel with the opportunity to become familiar with the case and Defendant.

On June 30, 2010, probably being unaware that he had been appointed new counsel, Mr. Rivera, acting *pro se*, filed two motions with the Court

seeking dismissal of this case.[1] The Court, noting that it appeared that these documents had been served on the People but not Attorney André, directed the Clerk of the Court to forward the documents to Defendant's counsel and further ordered her to file any appropriate motions within twenty (20) days. On July 26, 2010, Mr. Rivera's counsel moved for an extension of time to file motions as she was still becoming familiar with the case. The Court granted said motion and extended the deadline for thirty (30) days from the date of entry of the Order, which was July 29, 2010.

Defendant filed the instant motion to dismiss on August 9, 2010. Then, on September 7, 2010, Defendant filed a motion to deem the motion to dismiss conceded as well as a motion seeking reconsideration of a prior order of this Court directing the People to file a response to the motion to dismiss. On September 9, 2010, the People filed their motion for extension of time to submit their response to the motion to dismiss, and filed their opposition on September 15, 2010. Defendant filed his reply memorandum on September 29, 2010. Thereafter, on October 12, 2010, Defendant filed motions to suppress and to extend the motion practice deadline, as well as a second set of discovery demands. On October 27, 2010, Mr. Rivera also filed a renewed motion for appointment of a defense expert.[2]

## II. Legal analysis.

### a. Defendant's Motion for Reconsideration.

In his Motion for Reconsideration, Defendant argues that this Court should revisit its August 19, 2010 Order which directed the People of the Virgin Islands (the "People") to submit a response to Mr. Rivera's motion to dismiss this case based on an alleged violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution ("Sixth Amendment"). Essentially, Defendant posits that because the Court issued its Order *sua sponte*, and the People did not file an actual motion requesting an enlargement of time pursuant to SUPER. CT. R. 10, the Court

---

[1] The Order appointing Attorney André was dated June 24, 2010 and entered on June 29, 2010. Thus, it is unlikely that Mr. Rivera was served with notice of his newly appointed counsel at the time he made these *pro se* filings.

[2] The Court will dispose of these recently filed motions via separate orders.

acted beyond its authority. Mr. Rivera contends that the August 19, 2010 Order was clear legal error and inflicted manifest injustice on him under LRCI 7.3(3).[3]

■ A motion for reconsideration must be filed within ten (10) days of the date of entry of the contested order. LRCI 7.3. Because a party's time to act under LRCI 7.3 is less than eleven (11) days, weekends and holidays are not counted when determining the appropriate deadline. SUPER. CT. R. 9. Therefore, Defendant's instant motion should have been filed on or before September 2, 2010. However, the Court was closed on August 30 and 31, 2010 due to Hurricane Earl's passage near the U.S. Virgin Islands. In light of this *force majeure*, the Court concludes that it is appropriate to add two (2) days to Defendant's deadline to file the instant motion. Thus, said motion was timely filed on September 7, 2010.[4]

■ However, contrary to Defendant's argument, trial courts have the inherent authority to deviate from procedural rules when there is a reason to do so and such a departure will not unfairly prejudice the opposing party. *E.g., United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 215 (3rd Cir. 2000). In this matter, Mr. Rivera is facing eight serious criminal charges with penalties ranging up to twenty years of incarceration, as well as the possibility of mandatory minimum sentences. Importantly, a dismissal of any type at this juncture would essentially be with prejudice due to the expiration of the applicable statute of limitations for these charges.[5] Given the drastic nature of Defendant's request for dismissal and the seriousness of the charges, the Court deemed it appropriate to direct a response from the People. Further, while the use of this procedure may have caused some slight additional delay in the disposition of the instant motion to dismiss, it certainly does not rise to unfair prejudice given the myriad of reasons for the other

---

[3] LRCI 7.3 applies to criminal proceedings in the Superior Court pursuant to SUPER. CT. R. 7 and LRCR 1.2.

[4] September 4, 2010 was a Saturday and Monday, September 6, 2010, was Labor Day. Therefore, Defendant had until September 7, 2010 to file the instant motion.

[5] The incident on which this prosecution is premised occurred on April 5, 2007. Therefore, the statute of limitations for the institution of a criminal action based thereon expired on April 4, 2010. *See*, V.I. CODE ANN. tit 5, § 3541(a)(2).

delays in this case.[6] Therefore, in light of this Court's inherent discretion to control proceedings before it, the Court concludes that the issuance of the August 19, 2010 Order was not clear error, did not result in manifest injustice, and declines to reconsider the same.

### b. The People's Motion for Enlargement of Time to File Opposition to Defendant's Motion to Dismiss for Lack of Speedy Trial.

In light of the Court's Order of August 19, 2010, the People were required to file their opposition to Defendant's motion to dismiss on or before September 7, 2010 — the same deadline within which Defendant was required to file his motion for reconsideration. However, the People's request to enlarge the time in which to file their opposition was not filed until September 9, 2010. Because the People did not file their request for additional time until after the deadline expired, they must make a showing of excusable neglect in order for the Court to consider the arguments raised in their opposition to Defendant's motion to dismiss. SUPER. CT. R. 10(a)(2); *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 190-191 (V.I. 2009).

In support of their motion for additional time, the People assert that there were setbacks occasioned by the passage of Hurricane Earl and that counsel has been busy handling other cases for the People. The Court points out that a busy schedule of counsel, by itself, does not establish excusable neglect for purposes of SUPER. CT. R. 10(a)(2). *Kansas Packing Co., Inc. v. Lavilla*, 39 V.I. 71, 75-76 (Terr. Ct. 1998). However, the Court also recognizes that the days immediately following the passage of a hurricane or tropical storm may cause confusion and hindrances for all residents of this Territory. Therefore, in light of the attendant circumstances and the very brief delay in the filing of the People's request, the Court finds that there has been a sufficient showing of excusable neglect, will grant the motion for extension of time, and will consider the arguments of the People in opposition to Defendant's motion to dismiss.

---

[6] As discussed below, delays in this case have been caused by the actions or inactions of both the People and Defendant. In addition, setbacks have occurred due to circumstances beyond either parties' control, such as the health of previously-appointed defense counsel, the passages of Hurricane Earl and Tropical Storm Otto, both of which affected the operations of this Court, and the retirement of the trial judge initially assigned to this case.

### c. Motion to Deem Defendant's Motion to Dismiss Deemed Conceded.

██ ██ With respect to Mr. Rivera's request that this Court deem his motion to dismiss conceded, the Court first notes that the rule which authorized the filing of a motion to deem conceded, LRCi 7.1, was amended to eliminate that specific provision. The procedural rules of courts are construed in accordance with the canons of statutory construction. *E.g., Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 506 (E.D. Va. 2006) ("the Federal Rules of Civil Procedure have the force and effect of law, and the Supreme Court has made clear that district courts are bound by the canons of statutory construction in interpreting them."); *Roberts v. Richardson*, 137 N.M. 226, 109 P.3d 765, 766 (2005) ("Rules of statutory construction are applied when construing rules of procedure adopted by the Supreme Court"). One such canon provides that ". . . where a statute is repealed without a reenactment of the repealed law in substantially the same terms, and there is no saving clause or general statute limiting the effect of the repeal, the repealed statute, in regard to its operative effect, is considered as if it had never existed." 73 AM. JUR. 2D *Statutes* § 271 (Database updated through July 2010). In view of the repeal of the specific language of LRCi 7.1 authorizing the filing of a motion to deem conceded, the Court concludes that there no longer is any legal basis on which to file such motions.

Additionally, even when LRCi 7.1 authorized the filing of a motion to deem conceded, it was construed to require the trial court to determine whether the movant met the substantive basis for the relief sought in the motion, and not simply grant a motion based on the lack of opposition thereto. *Eg., Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3rd Cir. 1990) (the trial court cannot grant summary judgment based on non-movant's failure to file an opposition; the court still must determine whether movant is entitled to requested relief). Thus, even if there is a legal basis for Defendant's filing of the instant motion to deem conceded, the Court still has the obligation to determine whether Mr. Rivera is entitled to a dismissal of the above-captioned cause based on the law and circumstances presented. Therefore, Defendant's motion to deem conceded will be denied.

### d. Defendant's Motion to Dismiss for Lack of Speedy Trial.

██ Mr. Rivera's right to a speedy trial is grounded in the Sixth Amendment, which is applicable in the United States Virgin Islands

pursuant to Section 3 of the Revised Organic Act of the Virgin Islands of 1954, as amended.[7] *Murrell v. People*, No. 2009-0064, 2010 V.I. Supreme LEXIS 27, at *21 (V.I. Sept. 13, 2010) (citing *Government v. Parrott*, 10 V.I. 564, 568, 476 F.2d 1058, 1060 (3rd Cir. 1973)). Both parties correctly cite to *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) as establishing the analysis under which a Sixth Amendment speedy trial challenge is scrutinized. Under the *Barker* test, the Court must balance ". . . the length of the delay, the reasons for the delay, the defendant's assertion of the right, and prejudice to the defendant." *Government v. Pemberton*, 813 F.2d 626, 628 (3rd Cir.1987) (citing *Barker*, 407 U.S. at 530-533). These factors, which the Court discusses below, are related and ". . . must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533.

### 1. Length of delay.

■ Defendant must first demonstrate that the length of delay in this case is "presumptively prejudicial" before the Court will examine the other three factors. *Government v. Pemberton*, 813 F.2d at 628. Courts generally will consider a delay approximating one year to be presumptively prejudicial, thus warranting an examination of the other *Barker* factors. *E.g.*, *Government v. Richardson*, 51 V.I. 449, 459 (D.V.I. App. Div. 2009) (citing *Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992)). In this case, the parties differ greatly about the amount of delay attributable to the People that occurred in the prosecution of Mr. Rivera.

In their opposition memorandum, the People postulate that the only delay attributable to them in this case was from August 11, 2008 through November, 2008.[8] Interestingly, this time frame starts while the first case against Mr. Rivera was pending and ends after the dismissal of that action, but prior to the commencement of the instant proceeding. Conversely, Defendant argues that time which should be considered by the Court runs as far back as the date of his initial arrest in April of 2007.[9] The arguments

---

[7] Revised Organic Act of the Virgin Islands 1954, as amended, § 3, 48 U.S.C. § 1561, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 861 (1995) (preceding V.I. CODE ANN. tit. 1) ("Revised Organic Act").

[8] People's Opposition at p. 8.

[9] Mr. Rivera's Reply Memorandum at p. 3.

of both parties raise the question of whether the time during which the prior case against this same defendant, growing out of the same incident, can be considered as part of the calculation of a speedy trial violation under the *Barker* Sixth Amendment speedy trial analysis in this subsequent case.

██ The United States Supreme Court addressed this issue in *United States v. McDonald*, 456 U.S. 1, 102 S. Ct. 1497, 71 L. Ed. 2d 696 (1982). Therein, the High Court, relying on its prior precedent, described the scope of the protection bestowed upon a defendant under the Speedy Trial Clause noting that "On its face, the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *McDonald*, 456 U.S. at 6 (quoting *United States v. Marion*, 404 U.S. 307, 313, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971)). Based upon its previous description of the extent of protection imparted by the Sixth Amendment, the Supreme Court then indicated that the duration of a dismissed first prosecution may not be counted in calculating the delay factor under the *Barker* test in a second prosecution against the same defendant for the same crime. Specifically, the Supreme Court stated, in pertinent part,

> ". . . the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges. Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." 456 U.S. at 7.[10]

██ ██ Thus, this Court determines that both parties have misinterpreted the time at which the speedy trial clock commenced in this particular case because the Court cannot consider any preinformation delay in light of *McDonald*. Rather, the starting point for the speedy trial clock in this case commenced when the Information in this case was filed — January 28, 2009. *E.g., United States v. Battis*, 589 F.3d 673, 678 (3rd Cir. 2009) ("In general, delay is measured from the date of arrest or indictment, whichever is earlier, until the start of trial.") (citations omitted). Applying this standard, the Court still agrees with Mr. Rivera

---

[10] Because Mr. Rivera did not assert a violation of his rights under the Due Process Clause in the instant motion, this opinion does not address that issue.

that the delay in the present case is presumptively prejudicial under *Barker* because this case was almost two years ago. *See, Government v. Fahie*, 31 V.I. 112, 115 (Terr. Ct. 1995) (twenty-two-months delay presumptively prejudicial in an assault case). Therefore, the Court will examine the three remaining *Barker* factors to determine whether Mr. Rivera's Sixth Amendment speedy trial rights have been violated in this case.

### 2. Reasons for delay.

■■■■ When considering the reasons for any delay in bringing an accused to trial, the trial court is obligated to differentiate between holdups which appear to be geared towards impeding the ability of the accused to defend himself and those which are due to more neutral reasons. *Government v. Pemberton*, 813 F.2d at 628. The prosecution carries the burden of justifying pretrial delays. *United States v. Battis*, 589 F.3d at 680. There are delays that are attributable to both parties in this case.

First, according to the record, on February 9, 2009, Defendant was served with a notice to appear for his arraignment on February 12, 2009. However, Defendant did not appear, and the Court issued a warrant for his arrest. After his arrest, the Court held the advice of rights hearing on March 30, 2009, and an arraignment on April 16, 2009. This delay falls solely at the feet of Mr. Rivera and cannot be weighed against the People.

However, the People do bear some of the burden for some of the delay in this case. The People failed to timely respond to Mr. Rivera's discovery requests, despite the fact that this is the same information which caused them to dismiss the first case against Mr. Rivera, Defendant, understandably, urgently argues that the People should not have filed the second case until they were ready to proceed to trial. However, in this case, the People's failure to timely provide the DNA discovery was quickly rectified within matter of days. Thus, the Court finds that this brief delay, though attributable to the People, was not prejudicial to Mr. Rivera.

Moreover, as noted above, the undersigned convened a pretrial conference on June 7, 2010, at which time then-counsel for Mr. Rivera advised that discovery was complete. Also, this matter was set for jury selection and trial on July 19, 2010, but had to be continued due to the serious medical concerns of Attorney Glore, which led to the appointment of new counsel. In addition, Mr. Rivera filed two motions *pro se* which the

Court had to forward to his new counsel for review and action. In the exercise of her due diligence, newly-appointed counsel for Defendant requested additional time to meet court-imposed deadlines. Finally, Defendant, through counsel, has filed three additional motions with the Court, as well as additional discovery requests.

 The Court determines that the initial delay was caused by Mr. Rivera. Further, although the next delay was caused by the People's failure to comply with discovery and is not condoned by the Court, the remaining stoppages were due to some circumstances which were not under the control of either party; to wit, the health of trial counsel and the concomitant need to appoint new counsel. In addition, the time required to decide motions filed by Defendant in this criminal case cannot be weighed heavily against the People under the Sixth Amendment speedy trial analysis. *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009). *See also, United States v. Coffman*, Crim. Action No. 09-CR-181-KKC, 2010 U.S. Dist. LEXIS 103931 at *7 (E.D. Ky. Sept. 28, 2010); *State v. Manard*, 675 S.W.2d 476, 480 (Mo. Ct. App. 1984). Finally, there was delay occasioned by the retirement of the trial judge and assignment of this case to the undersigned after appointment. The delays caused by the trial court are generally not weighed heavily against the prosecution. *See, Yung v. State*, 906 P.2d 1028, 1032 (Wyo. 1995) (delay caused by a busy court schedule characterized as a neutral factor); *State v. Runge*, 89 S.D. 376, 233 N.W.2d 321, 323-324 (1975) (while court delays are counted against the government, they are not weighed heavily). Taking all of the circumstances together, there is no demonstration that the People intended to impede the progression of this case in bad faith, and this factor does not favor dismissal of this action.

### 3. Defendant's assertion of speedy trial rights.

Regarding the third factor, Mr. Rivera first asserted his right to a speedy trial under the Sixth Amendment when he filed the instant motion on August 9, 2010 — more than nineteen (19) months after the Information was filed. It is of note that, according to the Memorandum of Proceedings for his arraignment of April 16, 2009, Mr. Rivera demanded a jury trial but not a speedy trial. Also, at no time prior to the filing of the instant motion did Defendant file any written notice with the Court in which he demanded a speedy trial pursuant to the Sixth Amendment. Although Defendant did file a motion to dismiss based on the People's failure to

timely provide discovery on June 1, 2009, he did not indicate therein that he was relying on his right to a speedy trial under the Sixth Amendment.

 Although a defendant does not waive her or his right to a speedy trial under the Sixth Amendment by failing to make a specific demand therefor, the failure to assert the same makes it difficult to establish this prong of the *Barker* test. *Douglas v. Cathel*, 456 F.3d 403, 418 (3rd Cir. 2006) (citing *Barker*); *McCloskey v. State*, Cr. ID. No. 0509027000, 2010 Del. Super. LEXIS 334 *9 (Del. Super. Ct. Aug. 10, 2010). Mr. Rivera does not provide any reason or justification for his delay in asserting his right to a speedy trial in this matter. In the absence thereof, and because nineteen months passed before Defendant filed the instant motion and made his first demand for a speedy trial, the Court holds that this factor weighs against dismissal of this prosecution.

### 4. Prejudice to Defendant.

 The final prong of *Barker* is the extent to which the defendant has been prejudiced by any delays. A trial court, when assessing this factor, focuses on: 1) the prevention of oppressive pretrial incarceration; 2) minimizing the defendant's angst; and 3) limiting the likelihood that the accused's ability to defend himself will be weakened. *United States v. Colon*, Crim. Action No. 2006-12, 2008 U.S. Dist. LEXIS 97907, *23 (D.V.I. Apr. 16, 2008). In this case, Mr. Rivera has been on pretrial release on conditions pursuant to SUPER. CT. R. 141 and 18 U.S.C. § 3142 since April 16, 2009, thus negating any claim of a lengthy pretrial incarceration. He also does not assert any type of undue anxiety in either his motion or reply memorandum. Rather, relying on *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992), Defendant claims that the passage of time has impaired his ability to defend against the charges leveled at him.

 In *Doggett*, the United States Supreme Court recognized that under some circumstances, an unduly lengthy delay ". . . presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." 505 U.S. at 655. Following *Doggett*, Mr. Rivera contends that the passage of time since his arrest and the initiation of these charges have caused the memories of the material witnesses to fade, and that some witnesses are no longer available for defense counsel to interview or subpoena for trial. However, as pointed out by the United States of Appeals for the Third Circuit, the fading

130

memories of witnesses may inure to the benefit of the defendant in a criminal case. *United States v. Dent*, 149 F.3d 180, 185 (3rd Cir. 1998). *See also*, *Doggett*, 505 U.S. at 659 (O'Connor, J., dissenting).[11]

 Further, to establish prejudice of this type, Mr. Rivera must detail the efforts made to locate the missing witnesses and establish that their trial testimony would be useful. *See, United States v. Dent*, 149 F.3d at 185. In this case, Defendant's counsel states that she unsuccessfully attempted telephone calls to certain unnamed witnesses, but does not detail what other steps, if any, she took in an attempt to locate these unidentified persons. Further, in addition to not identifying the allegedly missing witnesses, there is no proffer of what testimony they would present at trial or that they had information which would lead to useful trial evidence. *Compare, Government v. Fahie*, 31 V.I. at 117-118 (finding prejudice to defendant under the *Barker* analysis where identified witnesses could not be found and defendant provided information indicative of their potential testimony). In the absence of such a proffer, and in light of the Court's determination that points two and three of the *Barker* test weigh against dismissal of this case, the Court cannot find that Mr. Rivera's defense has been actually or presumptively prejudiced.

## III. Conclusion.

The application of the *Barker* four-part test to the circumstances of this case indicates that dismissal of this action would be inappropriate. Therefore, the Court will enter an order of even date denying Mr. Rivera's motion to dismiss. This order will also dispose of Defendant's Motion for Reconsideration and Motion to Deem Defendant's Motion to Dismiss Conceded, and the People's Motion for Enlargement of Time to File Opposition to Defendant's Motion to Dismiss for Lack of Speedy Trial in accordance with this opinion.

---

[11] " 'In this case, moreover, delay is a two-edged sword. It is the Government that bears the burden of proving its case beyond a reasonable doubt. The passage of time may make it difficult or impossible for the Government to carry this burden.' " (quoting *United States v. Loud Hawk*, 474 U.S. 302, 315, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986)).